**Tom DUFFEY et al., Appellants,**

v.

**UNION HILL INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 8138.

Court of Civil Appeals of Texas, Texarkana.

Jan. 9, 1973.

Hollie G. McClain, Gilmer, for appellants.

M. R. Patton, Garrison & Patton, Gilmer, for appellee.

DAVIS, Justice.

Plaintiffs, Tom Duffey, DeWayne Tucker, Chester Machen, Buck Harris, John Duffey, Guy Duffey, Fred Duffey, Douglas Stracener, Norman Bradley and Ovie Holmes, individually and for the use and benefit of all other owners of taxable property in the Union Hill Independent School District similarly situated, sued the

Union Hill Independent School District, Lester McCurry, R. A. Blundell, Dan Atchley, Lester Montgomery, Harry Steger, Herbert Mauk and Bill Gibbons, the board of trustees of the Union Hill Independent School District, and Mrs. Thad Glover, Tax Assessor-Collector for the Union Hill Independent School District, challenging the assessment of the evaluation of their properties for taxation purposes in the Union Hill Independent School District. The parties will be referred to as they were in the Trial Court. Plaintiffs did not sue the Board of Equalization.

The Board of Equalization had a meeting on July 15, 1972, from 9:00 A.M. until 3:30 P.M. As a matter of fact, the Board of Equalization only approved a tax schedule that was furnished to them by the Union Hill Independent School District, or the board of trustees. The Board of Equalization did not attempt to set the fair market value of the property situated in the Union Hill Independent School District according to Article VIII, Section 1 of the Constitution of Texas, Vernon's Ann.St. Vernon's Annotated Civil Statutes and the Texas Education Code which require that assessed valuations be arrived at on the basis of a reasonable cash market value. A temporary restraining order was granted on July 27, 1972. A hearing was had on the application for temporary injunction on August 3, 1972. A judgment was entered setting aside the temporary restraining order and denying the temporary injunction on August 21, 1972. Plaintiffs have perfected their appeal and bring forward nine points of error.

Plaintiffs say the Trial Court erred in not granting the temporary injunction because: (1) this was a suit filed before the tax rolls were approved by the board of trustees to restrain them from putting an illegal taxing plan into force and effect; (2) this was a suit to restrain the board of trustees from approving tax rolls which were based on evaluation other than a reasonable cash market value; (3) for the reason that the values placed on the properties were in accordance to a preconceived plan and were not based on a reasonable market value; (4) for the reason that the board of trustees adopted a plan where all tax of real estate over five acres would automatically increase $13.00 an acre. Chicken houses of a certain size would be increased $25.00 each; (5) the values placed on the tax rolls on various items of property were not based on a reasonable market value; (6) the board of trustees adopted a schedule for taxing purposes, which schedule was used as a guideline for the Board of Equalization. Said schedule left off many items of taxable property; (7) this is a restatement of a part of the point of error raised in Point Six; (8) the Board of Equalization did not follow the statutory method of notice before it raised the taxes; and (9) the Board of Equalization did not give the taxpayers the opportunity to appear before the Board of Equalization and put on evidence before their taxes were raised.

The evidence shows that there was some kind of notice published in the local newspaper for two consecutive weeks prior to the time the Board of Equalization had its meeting on July 15, 1972. There is no evidence in the record that any notice was mailed to each taxpayer at least ten days or more prior to the time the Board of Equalization had the meeting. Two members of the Board of Equalization and the Tax Assessor-Collector of the Union Hill Independent School District testified in the case. Both members of the Board of Equalization who testified swore most positively that they did not assess anybody's property at a fair cash market value and did not place a 50% of the reasonable cash market value on the tax rolls, which was the procedure used by the Union Hill Independent School District. The Tax Assessor-Collector swore most positively that she did not make up the schedule of taxes based upon 50% of a reasonable cash market value; that she fixed up the schedule according to the instructions that were

given to her by the board of trustees. The two members of the Board of Equalization who testified swore that they were furnished the schedule of property to be taxed, as a guideline, by the Union Hill Independent School District. Plaintiffs offered in evidence the proposed tax evaluations which read as follows:

"PLAINTIFF'S EXHIBIT NO. 1

| Proposed Tax Evaluations | ACTUAL | Rate per $100.00 = $1.70 |
|---|---|---|
| Land | $ 39.00 per acre | |
| Lot | 150.00 per lot | |
| | | |
| **Houses** | | |
| Brick | $500.00 per room | |
| Frame (with bath) | 300.00 per room | |
| Frame (no bath) | 100.00 per room | |
| | | |
| **Mobile Home** | | |
| Campers—500.00—up to 60 ft. | $1,500.00 | |
| 60 ft. and above | 2,500.00 | |
| Central Heat & Air | 500.00 | |
| Only Central Heat or Air | 250.00 | |

| CARS AGE | | PICKUPS |
|---|---|---|
| 1 year | 1,000.00 | 800.00 |
| 2 years | 800.00 | 600.00 |
| 3 years | 600.00 | 400.00 |
| 4 years | 400.00 | 200.00 |
| 5 years | 200.00 | 100.00 |
| All others | 100.00 | 100.00 |

| TRACTORS | |
|---|---|
| One row | 300.00 |
| Two row | 600.00 |
| | |
| **Cattle** | |
| Per Head | 40.00 |
| Dairy—Conventional | 1,000.00 |
| Parlor | 2,000.00 |
| Stores | 1,500.00 |
| | |
| **Cafe & Restaurants** | |
| Small | 750.00 |
| Large | 1,500.00 |
| Laying Houses | 75.00 per 1000 cap. |
| Broiler Houses | 75.00 per 1000 cap. |
| Cement Plant | 2,000.00 |
| Hog Parlor | 1,500.00 . . . (?) |
| Brood sows &/or Boars | 10.00 |
| | |
| **Heavy Equipment** | |
| Gas Tandem Truck | 2,000.00 |
| Diesel Tandem | 3,000.00 |
| Doziers | 2,500.00 |
| Backhoe | 1,500.00 |
| Carry-All | 2,500.00 |
| Flat Bed | 1,500.00 |
| Pulp Wood Truck | 1,500.00 |
| Dump Truck | 1,500.00 |

The Board of Equalization will meet Saturday, July 15, from 9:00 a. m. until 3:00 p. m. in the school offices." (Emp. added).

It should be noted that the above Proposed Tax Evaluations was not signed by anyone and contained no information about the taxes being raised. Plaintiff, Tom Duffey, testified in the case about his "parlor type dairy barn" being assessed at $2,000.00. He swore that there were three dairy barns in the Union Hill Independent School District. Two of them were conventional type dairy barns that were assessed at $1,000.00 each, and his parlor type dairy barn was assessed at $2,000.00. The Board of Equalization said that they did not know anything about the value of a parlor type dairy barn or a conventional type dairy barn. One member of the Board of Equalization said that he didn't know of but one dairy barn in the district and it is doubtful that the other one even knew about that. Mr. Duffey testified that the parlor type dairy barn was built to where the cows would come in behind each other and he would be standing in the pit between them. He further testified that a conventional type barn, the cows would come in on the level with the people doing the milking. He testified that some conventional type barns could cost more money than a parlor type barn. According to Mr. Duffey, the Board of Equalization said that they didn't know anything about it and they couldn't satisfy everybody. He testified that the parlor type dairy barn cost about $10,000.00 and was constructed in 1971. He did not know whether his milking machines and milk coolers were included in the $2,000.00 tax assessment or not. He did not complain about the parlor type dairy barn being assessed for taxes at 50% of its market value at $2,000.00. He testified that he owned 210 acres of land, and that they raised the taxes on the land $13.00 per acre. There is not one word of testimony from him, nor anyone else, as to the value of this 210 acres of land. As a matter of fact, everybody who testified as to the value of the land in the Union Hill Independent School District said it was worth anywhere from $150.00 per acre to $600.00 per acre. Therefore, when they assessed the land at $78.00 per acre, $39.00 per acre being 50% of the assessed valuation, none of the land was assessed at anything like fair cash market value. All the land was assessed at $39.00 per acre, straight across the board. The lots in the Union Hill Independent School District were assessed at $150.00 each. According to the evidence, a lot is anything from one-half acre up to and including five acres. Each lot was taxed just alike, straight across the board. These assessed values were unconstitutional, contrary to the Civil Statutes and grossly unfair.

All cattle in the Union Hill Independent School District were assessed at $40.00 per head, including dairy cows, registered cows, big, little, old, young, scrubbs and scabies. This form of taxation is grossly unconstitutional and is unfair to everybody who owns any cattle. Mr. Duffey testified that he was milking 65 head of dairy cattle and had eight or ten that were dry. In being questioned about the value of these cows, he said that anywhere from five to six hundred dollars per head would be a fair market value. The Tax Assessor-Collector swore that the breed of the cattle had nothing to do with the tax assessment whatever. We feel sure that there are some head of cattle in the Union Hill Independent School District that will sell for as much as $1,000.00 or more per head.

We feel sure that there are many items of personal property in the Union Hill Independent School District subject to taxation, such as horses, mules, household furnishings, jewelry, stocks, bonds, etc., that should be placed on the tax rolls at their fair cash market value. Counsel for defendants so stipulated. Whelan v. State of Texas, 1955, 155 Tex. 14, 282 S.W.2d 378; State v. Whittenburg, 1954, 153 Tex. 205, 265 S.W.2d 569; 33 Tex.Law Review 1075, 1955; 33 Texas Law Review 970, 1955; City of Arlington v. Cannon, 1954, 153 Tex. 566, 271 S.W.2d 414.

This case has given this Court much concern. As pointed out by Chief

Justice Calvert in State v. Whittenburg, supra, "It is now well settled that the assessment of property for tax purposes is a quasi-judicial function by the board of equalization and that no attack on valuation fixed by such boards can or will be sustained in the absence of proof of fraud, want of jurisdiction, illegality, or the adoption of an arbitrary and fundamentally erroneous plan or scheme of valuation." As a matter of fact, the Board of Equalization did not fix up the tax rolls as required by the statutes. Then, on the other hand, the Plaintiffs did not show that they had been damaged to any extent by the unconstitutional and illegal taxation that has been placed upon them. See the authorities hereinabove cited. Owens-Illinois, Inc. v. Little Cypress-Mauriceville Independent School District, Tex.Civ.App.1972, 481 S. W.2d 477, n. w. h. Our statutes have been held applicable to an unconstitutional system of tax assessment. Sam Bassett Lumber Co. v. City of Houston, 1947, 145 Tex. 492, 198 S.W.2d 879.

Since the Plaintiffs did not show that they had been actually damaged or discriminated against in any way, their points of error are overruled.

We would suggest that in the future, the Tax Assessor-Collector of the Union Hill Independent School District assess each item of taxable property in the district at its reasonable cash market value, or 50% thereof, whichever plan is used at the time, and put it on the tax rolls. If the taxpayer does not render all their property at a reasonable market value, she should note on the rendition sheet what she thinks a reasonable market value to be. Then, after due notice, have a Board of Equalization to meet and approve the taxes as assessed, or as amended, by the Tax Assessor-Collector.

The judgment of the Trial Court is affirmed.