

# The Attorney General of Texas

July 22, 1983

**JIM MATTOX**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Kenneth E. Graeber
Executive Director
State Property Tax Board
9501 North IH-35
Austin, Texas    78761

Opinion No.  JM-43

Re:    Constitutionality    of
section 115 of House Bill No.
30 enacted by the first called
session of the Sixty-seventh
Legislature

Dear Mr. Graeber:

You have requested our opinion regarding the constitutionality of section 115 of House Bill No. 30 enacted by the first called session of the Sixty-seventh Legislature. Section 115 amended the Property Tax Code by adding section 26.011, which became effective on January 1, 1982.

Section 115 provides the following:

> Sec. 26.011. LIMITATION ON APPLICATION OF REAPPRAISED VALUES.
>
> (a) If the appraised value of a property in any year from 1982 through 1985, after subtracting the appraised value of any new or previously undiscovered improvements, increases for the first time above its assessed value on a taxing unit's 1981 tax roll, the assessor for the unit shall limit the appraised value in the year of the reappraisal, if the percentage of the increase is greater than 1-1/2 times the percentage of increase above the 1981 value of all other property on the unit's tax roll in both 1981 and the current year, to an amount that is only 1-1/2 times greater than the percentage of increase in the value of all other property.
>
> (b) If the appraised value submitted by the appraisal district is less than the value required to be substituted under Subsection (a) of this section, the assessor shall retain the appraised

value submitted by the district instead of substituting a value pursuant to this section.

(c) A tax assessor shall limit increases in market values of land appraised as provided by Subchapters C, D, E, and F or Chapter 23 of this code in the same manner as increases in appraised value are limited and shall substitute the limited values in the records for purposes of calculating additional taxes.

(d) To be entitled to limitation of an increase in appraised value of personal property as prescribed by this section, a person must present to the tax assessor records establishing the kinds, amounts, and values of personal property he owned on January 1, 1981, and on January 1 of the year in which the increase occurs.

(e) In this section, a new improvement is an improvement made after January 1, 1981, and a previously undiscovered improvement is an improvement that was made on or before January 1, 1981, but was not included on the taxing unit's 1981 tax roll.

(f) This section does not apply to a taxing unit unless the unit, by ordinance, order, or resolution (depending on the requirements of law for adoption of a law by that unit), provides that it applies.

(g) The State Property Tax Board shall issue rules and regulations necessary for the effective implementation of this section.

(h) This section expires January 1, 1987.

Acts 1981, 67th Leg., 1st C.S., ch. 13, §115, at 163. In other words, if section 26.011 is adopted by the governing body of a taxing unit, the appraised value of any individual property in that unit may not increase by more than one hundred and fifty percent of the average percentage increase in value of all property in the taxing unit in any year from 1982 through 1985.

You submit that the statute could properly be construed in any one of three different ways -- as a special valuation provision, as a partial exemption, or as a "reasonable classification of property

within the inherent powers of the legislature." You ask whether, under any of these constructions, section 26.011 is constitutional.

It is clearly the rule that, when a law is attacked as being unconstitutional, there is a presumption that the law is valid and doubts as to its constitutionality should be resolved in favor of its constitutionality. Smith v. Davis, 426 S.W.2d 827, 831 (Tex. 1968); Key Western Life Insurance Company v. State Board of Insurance, 350 S.W.2d 839, 849 (Tex. 1961). Moreover, no act of the legislature will be declared unconstitutional unless some provision of the constitution can be cited which clearly demonstrates the invalidity of the act. Duncan v. Gabler, 215 S.W.2d 155, 159 (Tex. 1948); Texas National Guard Armory Board v. McCraw, 126 S.W.2d 627, 634 (Tex. 1939). Nevertheless, the legislature may not authorize that which the constitution prohibits, Maher v. Lasater, 354 S.W.2d 923, 925 (Tex. 1962), nor may it lawfully act beyond the limitations set out in the constitution. Travelers' Insurance Company v. Marshall, 76 S.W.2d 1007, 1009 (Tex. 1934). We conclude that section 26.011 of the Property Tax Code contravenes article VIII, sections 1 and 2 of the Texas Constitution and would be held unconstitutional by the courts.

First, we address the contention that section 26.011 should properly be construed as a special valuation provision. Article VIII, section 1 of the Texas Constitution provides in pertinent part:

> Taxation shall be equal and uniform. All property and tangible personal property in this State, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.

Texas courts have repeatedly declared that the term "value" as employed in article VIII, section 1 means "market value" or the "reasonable cash market value." Rowland v. City of Tyler, 5 S.W.2d 756, 760 (Tex. Comm'n App. 1928); Atlantic Richfield Company v. Warren Independent School District, 453 S.W.2d 190, 197 (Tex. Civ. App. - Beaumont 1970, writ ref'd n.r.e.); Harlingen Independent School District v. Dunlap, 146 S.W.2d 235, 237 (Tex. Civ. App. - San Antonio 1940, writ ref'd). See also Whelan v. State, 282 S.W.2d 378, 380 (Tex. 1955); State v. Whittenburg, 265 S.W.2d 569, 572 (Tex. 1954). The Texas Supreme Court declared in Lively v. Missouri, K. & T. Railway Company of Texas, 120 S.W. 852, 856 (Tex. 1909):

> Article 8, §1, of the Constitution, contains this language: 'All property in this state, whether owned by natural persons or corporations, other than municipal, shall be taxed in proportion to its value, which shall be ascertained as may be

> provided by law.' The rule announced by that provision is 'equality and uniformity.' To secure this 'uniform and equal' taxation, the same sentence prescribes that the property of all persons and corporations, other than municipal, 'shall be taxed in proportion to its value, which shall be ascertained as may be provided by law.' This is a clearly expressed purpose, that the officers charged with the assessment of property shall in the manner prescribed by law ascertain its value. 'The value of the property is to be determined by what it can be bought and sold for.' New York State v. Barker, 179 U.S. 287, 21 Sup. Ct. 124, 45 L. Ed. 194. If it means full market value when applied to the intangible assets of a railroad company, it means the same thing when applied to land, horses, etc. The standard of uniformity prescribed by the Constitution being the value of the property, taxation cannot be in the same proportion to the value of the property, unless the value of all property is ascertained by the same standard.

"Market value" has been defined as "the amount of money that a person desiring to sell, but not bound to do so, could, within a reasonable time procure for such property from a person who desires and is able to buy, but is not bound to purchase such property." West Texas Hotel Company v. City of El Paso, 83 S.W.2d 772, 775 (Tex. Civ. App. - El Paso 1935, writ dism'd). See also Property Tax Code §1.04(7). As this office has already declared:

> While it can be argued that the portion of article 8, section 1, which refers to ascertainment of value 'as provided by law' permits the Legislature to establish a standard of value for taxation purposes other than market value, the courts have clearly ruled otherwise. See also Tex. Const. art. 8, §20. Accordingly, it is our opinion that article 8, section 1 of the Constitution does not permit the Legislature to provide for the taxation of property other than in proportion to its market value.

Attorney General Opinion H-1022 (1977). Exceptions to this market value standard are found in article VIII, sections 1-d and 1-d-(a) providing for the special valuation of agricultural and open space land. Absent these specific constitutional amendments, however, such property would have to be valued in accordance with the standard set forth in article VIII, section 1. Attorney General Opinion H-1022

(1977).   Accordingly,   we   conclude   that,   absent   a   specific constitutional provision permitting the special valuation authorized by section 26.011 of the Property Tax Code, the Texas courts would declare the code provision unconstitutional.

Second, you suggest that section 26.011 of the Property Tax Code could properly be construed in the alternative as a partial exemption rather than as a special valuation provision.   Section 1.04(11) of the Property   Tax   Code   states   that   "'[p]artial   exemption'   means   an exemption   of   part   of   the   value   of   taxable   property."   The   Texas Constitution   does   not   provide   for   or   permit   any   partial   exemption other   than   those   set   forth   in   article   VIII,   sections   1-a   (partial exemption for residential homestead for county taxes if county levies tax for farm to market roads or for flood control), 1-b (residence homestead   partial   exemptions),   and   2   (disabled   veterans'   partial exemption).   "[E]xemptions   are   subject   to   strict   construction   since they are the antithesis of equality and uniformity."   Hilltop Village, Inc.   v.   Kerrville   Independent   School   District,   426   S.W.2d   943,   948 (Tex.   1968).   The   legislature   is   without   power   to   broaden   exemptions beyond those permitted by the constitution.   Tex.   Const.   art.   VIII, section 2; Leander Independent School District v. Cedar Park Water Supply Corporation, 479 S.W.2d 908, 910 (Tex. 1972); City of Amarillo v.   Love,   356   S.W.2d   325,   327   (Tex.   Civ.   App.   -   Amarillo   1962,   writ ref'd   n.r.e.).   If   section   26.011   of   the   Property   Tax   Code   were construed to authorize a partial exemption, it would be declared by the courts to be unconstitutional.

Third,   you   suggest   that   section   26.011   constitutes   "a   reasonable classification   of   property   within   the   inherent   powers   of   the Legislature."   While   the   legislature   is   empowered   to   make classifications   of   property   for   purposes   of   taxation   so   long   as   such classifications are not unreasonable, arbitrary or capricious, Bullock v.   ABC   Interstate   Theatres,   Inc.,   557   S.W.2d   337,   341   (Tex.   Civ.   App. -   Austin   1977,   writ   ref'd   n.r.e.),   cert.   denied,   439   U.S.   894   (1978); American   Transfer   and   Storage   Company   v.   Bullock,   525   S.W.2d   918   (Tex. Civ.   App.   -   Austin   1975,   writ   ref'd),   reliance   on   such   a   principle   in support of the constitutionality of section 26.011 would be misplaced. The cases which rely on the principle are concerned with the power of the   legislature   to   specify   the   objects   of   taxation,   not   with   the standard employed to value property so taxed.   See, e.g., Tex. Const. art.   VIII,   §17;   Bullock   v.   ABC   Interstate   Theatres,   Inc.,   supra; Calvert   v.   Capital   Southwest   Corporation,   441   S.W.2d   247   (Tex.   Civ. App.   -   Austin   1969,   writ   ref'd   n.r.e.),   appeal   dismissed,   397   U.S.   321 (1970);   Grayson   County   State   Bank   v.   Calvert,   357   S.W.2d   160   (Tex. Civ.   App.   -   Austin   1962,   writ   ref'd   n.r.e.);   Lockhart   v.   American Mutual Life Insurance Company, 194 S.W.2d 285 (Tex. Civ. App. - Austin 1946,   no   writ);   Gulf   States   Utilities   Company   v.   State,   46   S.W.2d   1018 (Tex.   Civ.   App.   -   Austin   1932,   writ   ref'd).   Indeed,   the   principle   is traditionally   coupled   with   the   principle   requiring   equality   and

uniformity in taxation as set forth in article VIII, section 1 of the Texas Constitution. The legislature is empowered to make such classifications when the legislation is reasonable and when within the class the legislation operates equally. Grayson County State Bank v. Calvert, supra, at 162; San Jacinto National Bank v. Sheppard, 125 S.W.2d 715, 716-17 (Tex. Civ. App. - Austin 1938, no writ); Dallas Gas Company v. State, 261 S.W. 1063, 1069 (Tex. Civ. App. - Austin 1924, writ ref'd); Raymond v. Kibbe, 95 S.W. 727 (Tex. Civ. App. 1906, writ ref'd). The Texas Supreme Court has in fact declared that, as to the question of equality and uniformity of taxes within different classes created by the state, the requirements of the equal protection clause of the fourteenth amendment to the U.S. Constitution are essentially the same as the requirements imposed by the Texas Constitution.

> Each requires that all persons falling within the same class must be taxed alike. Each recognizes the power of the Legislature to make classifications, and each requires that such classifications, when made, must not be unreasonable, arbitrary, or capricious.

Hurt v. Cooper, 110 S.W.2d 896, 901 (Tex. 1937). Again, however, the issue as to the permissibility of any classificatory scheme of taxation imposed by the state is different from the issue as to the standard by which property so taxed is valued.

Finally, in connection with this discussion, it has been suggested that the following underscored language of article VIII, section 18 of the Texas Constitution empowers the legislature to pass such a statute:

> (a) The Legislature shall provide for equalizing, as near as may be, the valuation of all property subject to or rendered for taxation, and may also provide for the classification of all lands with reference to their value in the several counties. (Emphasis added).

The above underscored language was included in the Texas Constitution of 1876; however, it has never been construed by Texas courts. The statute implementing section 18 was, however, twice construed. Article 7206, V.T.C.S., contained the following:

> 3. They shall equalize improved lands in three classes, first-class to embrace the better quality of land and improvements, the second-class to embrace the second quality of lands and improvements, and the third-class to embrace lands of but small value or inferior improvements. The

> unimproved lands shall embrace first, second and
> third class, and all other property made as nearly
> uniform as possible.

In both State v. Mallet Land & Cattle Company, Inc., 88 S.W.2d
471 (Tex. 1935) and Taylor v. Alanreed Independent School District,
138 S.W.2d 149 (Tex. Civ. App. - Amarillo 1940, no writ), a taxpayer
alleged that the failure of a board of equalization to strictly comply
with subdivision 3 of article 7206, V.T.C.S., resulted in an illegal
assessment and in excessive, non-uniform, unequal and discriminatory
valuation.  In both instances, the courts declared that compliance
with subdivision 3 was permissible, that the requirements of article
VIII, section 1 effectively supercede the requirements of article
7206.  "It is our opinion that where the equalization is equal and
uniform, and in proportion to value, and no discrimination is shown,
as found by the jury in this case, the mere failure to follow the
statute in detail would not render the judgment of the board of
equalization void."  State v. Mallet Land & Cattle Company, Inc.,
supra, at 432.  See also Taylor v. Alanreed Independent School
District, supra, at 150.

While the mere failure to adopt a classification scheme will not
result in an illegal assessment if the valuation is equal, uniform,
and in proportion to market value, the failure to value property in
accordance with article VIII, section 1 principles will result in an
illegal assessment even though a classification scheme is adopted.
The constitutional guarantee of equality and uniformity of taxation
controls of the method the legislature may prescribe for ascertaining
taxable values under the statutes providing for equalization of
assessments.  Aycock v. City of Fort Worth, 371 S.W.2d 712, 715 (Tex.
Civ. App. - Fort Worth 1963, writ ref'd n.r.e.).  Courts have
repeatedly held assessments illegal and void when such assessments
were the result of classification schemes which produced values which
were not in accord with market values.  See, e.g., Sierra Blanca
Independent School District v. Sierra Blanca Corporation, 514 S.W.2d
782 (Tex. Civ. App. - El Paso 1974, writ ref'd n.r.e.); Duffey v.
Union Hill Independent School District, 490 S.W.2d 201 (Tex. Civ. App.
- Texarkana 1973, writ ref'd n.r.e.); Atlantic Richfield Company v.
Warren Independent School District, 453 S.W.2d 190 (Tex. Civ. App. -
Beaumont 1970, writ ref'd n.r.e.); Dietrich v. Phipps, 438 S.W.2d 900
(Tex. Civ. App. - Houston [1st Dist.] 1969, no writ); City of Saginaw
v. Garvey Elevators, Inc., 431 S.W.2d 575 (Tex. Civ. App. - Fort Worth
1968, writ ref'd n.r.e.).

It should be noted that article 7206, V.T.C.S., was repealed by
the Property Tax Code, effective January 1, 1982.  Acts 1979, 66th
Leg., ch. 841, §6 at 2329.  There is presently no implementation of
article VIII, section 18 in the code.  Arguably, the land
classification scheme imposed by section 23.52 of the Property Tax

Code upon land receiving special valuation as "open-space land" is authorized by article VIII, section 18, but it is important to note that any classificatory scheme which results in a value other than market value is unconstitutional absent a specific constitutional provision permitting it. See Attorney General Opinions H-1220 (1978); H-1022 (1977). In order to meet this requirement, article VIII, sections 1-d and 1-d-(a) were proposed and adopted.

While the legislature may establish classifications for purposes of taxation, it clearly may not use such a means to circumvent the constitutional principle that all property must be valued for purposes of taxation at market value, unless the constitution otherwise permits.

## S U M M A R Y

Section 115 of House Bill No. 30 enacted by the first called session of the Sixty-seventh Legislature amending the Property Tax Code by adding section 26.011 is unconstitutional.

Very truly yours

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jim Moellinger
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
Susan Garrison
Ben Harrison
Jim Moellinger