## MEANS v. MARSHALL.
### No. 14010.

Court of Civil Appeals of Texas. Dallas.
April 15, 1949.

Rehearing Denied May 13, 1949.

Cecil & Keith, Beaumont, for appellant.

Marion B. Solomon, Dallas, for appellee.

BOND, Chief Justice.

This suit arose out of a joint reciprocal insurance engagement in which the appellant, with a large number of others, among whom was the defendant Brown & Ross, Inc., each bound themselves to indemnify the others and one another against losses and hazards described in the insurance policy or policies issued to each of them; and each and all of the subscribers bound and obligated themselves for payment of his, or its, pro rata portion of indemnity granted by the subscribers of said association, including all expenses incurred, which obligations and undertakings of each of the subscribers thereat have been finally adjudicated and decreed in the judgment rendered in the District Court of Travis County, Texas. A more detailed history of that suit is related in the case of Richardson v. Kelly, Tex.Civ.App., 179 S.W.2d 991, Id. 144 Tex. 497, 191 S.W.2d 857, to which we here make reference, foreclosing assessments against each of the defendants named respectively and against all others as class defendants, as were the defendants in the present suit. The liability assessed against the appellant here was decreed to be $640.58; and against the defendant Brown & Ross, Inc., the sum of $467.58.

In a prior appeal the issue involved an order of the trial court overruling appellant's plea of privilege, Tex.Civ.App., 210 S.W.2d 605; on authority in Stockyards National Bank v. Maples, 127 Tex. 633, 95 S.W.2d 1300, we held that the cause of action against the defendant Brown & Ross, Inc., a resident of Dallas County, and against J. C. Means, Jr., a resident of Jefferson County, was "joint and several;"—in that, the two defendants were in a joint undertaking out of which each was severally liable. In the Stockyards-Maples case it will be seen that the Supreme Court concludes that a cause of action against a resident defendant may be so intimately connected with the cause of action alleged against the nonresident defendant that the two may be joined under the rule intended to avoid a multiplicity of suits. So, in this appeal, from trial to the merits, the primary issue involved is the lack of jurisdiction of the county court, in that, the amount separately pleaded and awarded against the two defendants— $640.58 against appellant and $467.58 against the defendant Brown & Ross, Inc. —exceeds the jurisdictional amount of the court.

In due order of pleadings the appellant challenged the jurisdiction of the court in

motion to dismiss, calling attention to the fact that the plaintiff is asking a recovery in excess of $1,000; whereupon, on the date of trial, the plaintiff filed a trial amendment alleging that he was seeking only to recover the sum of $640.58 with interest from appellant and $467.58 with interest from the defendant Brown & Ross, Inc., each growing out of the joint reciprocal insurance engagement, or indemnity. The cause was tried to the court, appellant's motion to dismiss overruled, and judgment separately rendered against the defendants for their respective assessments, from which appellant alone appealed.

It is well settled that the "necessary jurisdictional averments must appear in the petition itself. The petition is the first step in the institution of suit, the first page in the record which will conclude the rights of the parties. It invokes the jurisdiction of the court and presents the facts relied upon for relief. Since these are its purposes and functions, it must not only state a cause of action, but must affirmatively plead facts which bring the case within the jurisdiction of the court in which it is filed." Brown v. Peters, 127 Tex. 300, 94 S.W.2d 129, 130. In plaintiff's original petition he alleged the factual background of a joint and several cause of action against all defendants, many of whom suffered judgment at former terms of court; whereupon the plaintiff filed his trial amendment eliminating all such defendants from the suit, but not changing the cause of action, and proceeded jointly and severally against the appellant and defendant Brown & Ross, Inc. The venue having been heretofore determined against appellant in the former appeal, under authority of Stockyards v. Maples, supra, and not having been again brought to the attention of the trial court on plaintiff's trial amendment, the venue issue is not presented here for further consideration; and, in our opinion, the trial amendment does not present such joint liability as to deprive the county court of jurisdiction of the cause of action.

"All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action. * * * Judgment may be given * * * against one or more defendants according to their respective liabilities." Rule 40, T.R.C.P. In the prior appeal in this court, supra, applicable here, we stated [210 S.W.2d 607]: "It is equally clear that the pleadings of the plaintiff disclose close or intimate connection between the causes alleged against each defendant, as briefly indicated above; and, even if their liability is but several, and in adjustment of the litigation the trial court should find it to be necessary to adjudge, or allocate pro rata, the assessment against each defendant severally to the extent as decreed in the aforesaid class suit, the venue, nevertheless, was established where laid against the non-resident defendant."

We conclude that the court had jurisdiction of the suit, hence did not err in overruling appellant's motion to dismiss.

Judgment affirmed.