Joe **BORREGO** et al., Appellants,

v.

Edward del **PALACIO**, Appellee.

No. 6035.

Court of Civil Appeals of Texas.

El Paso.

Sept. 17, 1969.

B. E. Schwarzbach, Jr., El Paso, for appellant.

Mauro Rosas, El Paso, for appellee.

WARD, Justice.

## OPINION

In County Court at Law No. One, El Paso County, Texas, Edward del Palacio filed suit against Joe Borrego, Leo Escandon, and Oscar Madrid to recover certain musical instruments and rental for their use. We will refer to the parties as they appeared in the trial court. Citations were duly issued and served on the defendants. Pursuant to notice to show cause, the court, on January 19, 1968, issued a temporary injunction restraining and enjoining the defendants from disposing of or damaging the instruments in question. This order recites that the defendants appeared by and through their attorney and the same appears to have been approved by their attorney of record. No answer in any form was ever filed by the defendants to the suit on file. On August 7, 1968, default judgment was entered by the court without a jury, in favor of the plaintiff. This judgment recites that "the judge in open court regularly called said cause in its order on

the docket, and came the plaintiff by his attorney, and though duly served with process, the said defendants, as at all times heretofore, failed to answer in this behalf, but wholly made default; wherefore, * * * it appearing to the Court that from the evidence adduced the plaintiff is entitled to judgment against each defendant, individually and singularly * * *". Judgment was therefore entered for the plaintiff against Borrego for the recovery of a certain named and numbered saxophone of the then market value of $275.00, and rental thereon in the amount of $50.00; against Escandon for the recovery of a certain named and numbered trombone of the then market value of $250.00 and rental thereon in the amount of $50.00; and against Madrid for the recovery of a certain named and numbered electric guitar and amplifier of the then market value of $300.00 and rental thereon in the amount of $50.00. The defendants, on the date of judgment, gave notice of appeal. The defendants then duly filed their motion for new trial urging the same matters in the trial court as are now presented in this appeal. It appears from the transcript that the motion was never presented to the trial court for action and that in due course, the motion for new trial was overruled by operation of law. There is no statement of facts, no request for findings of fact and conclusions of law, nor are there any filed; nor are there any bills of exception.

The plaintiff's petition, in so far as to the recovery of the instruments, alleges ownership and right of possession in the plaintiff, the wrongful taking of possession of each instrument by the respective defendants, and alleges substantially the value of each instrument. The petition states a cause of action consistent with the rules of pleading to recover specific chattels, this being a direct appeal from a default judgment. 50 Tex.Jur.2d 136. In determining whether the pleadings are sufficient to support the default judgment, we have tested them by the so-called general

demurrer rule. The pleadings give fair notice to the individual defendant of the nature of the claim against him and the relief which the plaintiff is seeking, though in several instances they would be vulnerable to special exceptions. However, the pleadings are sufficient to support the default. 4 McDonald, Texas Civil Procedure, p. 1372 (1950); Edwards Feed Mill, Inc. v. Johnson, 158 Tex. 313, 311 S.W.2d 232 (1958); Carpenter v. Globe Leasing, Inc., Tex.Civ.App., 421 S.W.2d 413; T–P Investment Corporation v. Winter, Tex. Civ.App., 400 S.W.2d 957 (dis'm).

The defendants, by two of their points, complain of the failure of the plaintiff to comply with the Soldiers' and Sailors' Civil Relief Act in any of its requirements. 50 U.S.C.A. Appendix § 520. A default judgment, taken without the affidavit or other requirements of section 520, is not rendered void, but merely voidable at the instance of the service man upon proper showing of prejudice and injury. The act is for the exclusive benefit of the service man. He alone can take advantage of it, and then only upon showing that his interest has been deleteriously affected. These principles seem to be well settled by adjudicated cases upon the subject. Mims Bros. v. N. A. James, Inc., Tex.Civ. App., 174 S.W.2d 276 (refused 141 Tex. 554, 175 S.W.2d 74). A default judgment against these defendants could not be opened because the plaintiff failed to file an affidavit showing the defendants were not in the military service, unless the record shows that the defendants were, as a matter of fact, in the military service. The record in this case does not so reflect, nor is there even any claim made by the defendants to this effect. These points are overruled.

The defendants challenge the jurisdiction of the County Court at Law No. One in that the plaintiff is asking for a recovery in excess of $1,000.00. It is alleged that one agreement was made by the plaintiff with the three defendants whereby the plaintiff was to purchase and own the three instruments in question and all parties would continue as members in a musical group until the instruments had been completely paid off, at which time the musical instruments would be conveyed to the defendants by the plaintiff. That prior to the instruments being paid off, the defendants quit the band and wrongfully took control of the instruments. That the defendant Borrego should have returned the saxophone or, in the alternative, the amount of $435.00; that the defendant Escandon should return the trombone or, in the alternative, the amount of $355.72; that the defendant Madrid should return the guitar and amplifier or, in the alternative, the sum of $607.00. The prayer is for the return of the instruments from the respectively named defendants or, in the alternative, a judgment against each individual for the respective amounts set forth. The judgment is as above stated. It is the defendants' contention that the claims are to be considered as aggregated. We do not so consider them, but believe that they are considered separately. Here, the plaintiff asserts separate, independent and distinct, though joinable, claims against three distinct defendants, and the amounts are not aggregated. As each claim falls within the court's jurisdiction, the point is overruled. Means v. Marshall, 220 S.W.2d 680; 1 McDonald, Texas Civil Practice, Sec. 3.32 (1965).

Appellants also complain that they were in the courtroom at the time of the hearing, ready for trial; that they offered to file an answer at that time; that they requested a court reporter; and that the court at no time appointed a guardian ad litem for possible minor defendants. There is nothing in the record to support any of these points, and, the burden being on the appellants to support their claims with at least a bill of exception, they are overruled.

The judgment of the trial court is affirmed.