Henry BUSH and Joyce L. Bush, as next friends of Amanda Bush, Amber Bush, and Sarah Bush, Minors and surviving siblings of Maranda Bush, Deceased, Appellants,

v.

TEXAS DEPARTMENT OF PROTECTIVE AND REGULATORY SERVICES, and Becky Eller and Linda Pendergrass, individually and as Agents, Servants or employees of the Texas Department of Protective and Regulatory Services, Appellees.

No. 2–98–020–CV.

Court of Appeals of Texas, Fort Worth.

Dec. 31, 1998.

Burford & Ryburn, L.L.P., and Scott G. Ball, Dallas, for Appellant.

Dan Morales, Attorney General, S. Ronald Keister, Assistant, Austin, for Appellee.

Before CAYCE, C.J., DAY and RICHARDS, JJ.

## OPINION

JOHN CAYCE, Chief Justice.

Henry Bush and Joyce L. Bush, as next friends of Amanda Bush, Amber Bush, and Sarah Bush, minors and surviving siblings of Maranda Bush, deceased, (collectively "the Bushes") appeal the trial court's dismissal of their personal injury and survivor causes of action against the Texas Department of Protective and Regulatory Services, and Becky Eller and Linda Pendergrass, individually, and as agents, servants or employees of the Texas Department of Protective and Regulatory Services (collectively "TDPRS") on immunity grounds. In one point, the Bushes argue that immunity has been waived under section 101.021(2) of the Texas Tort Claims Act (the "Act") because their injuries were caused by the misuse of tangible property consisting of intake questionnaires and forms promulgated by TDPRS. Because we hold that the intake questionnaires and forms are not tangible property under the Act, we will affirm.

John Bush and Amy McKay Bush had four children: Amanda, Maranda, Amber, and Sarah. In 1988, John's parents, Henry and Joyce Bush, began to fear that their son and daughter-in-law were battering Amanda and Maranda, the couple's two children at the time. Between 1988 and 1989, the intake division of TDPRS received two referrals indicating that Maranda was possibly suffering physical abuse. According to TDPRS

policy, the referrals were then assigned to a caseworker for investigation. The TDPRS caseworker assigned to the case ultimately concluded the abuse allegations were "unfounded," meaning TDPRS was unable to gather enough facts to conclusively determine whether abuse occurred. Joyce Bush allegedly further contacted both Becky Eller and Linda Pendergrass with additional evidence of abuse, but TDPRS still took no action to remove the children from the abusive home. In July of 1989, Maranda died from injuries inflicted upon her by her parents at the age of one and a half years.

After Maranda's death, TDPRS took custody of Amanda, but released her back to her parents' care within nine months. Shortly thereafter, Amber and Sarah were born, and they too began showing signs of physical abuse. In June of 1995, Henry and Joyce Bush were awarded permanent managing conservatorship of Amanda, Amber, and Sarah. John Bush was subsequently convicted of Maranda's murder, and Amy McKay Bush pleaded guilty to criminally negligent homicide for her role in Maranda's death.

After obtaining custody of Amanda, Amber, and Sarah, Henry and Joyce Bush brought suit in August of 1995, on behalf of their minor grandchildren, against TDPRS asserting survivor and personal injury claims under the Act, in addition to other statutory and common law negligence claims, for TDPRS's alleged failure to properly use its forms and questionnaires during its investigation of the children's suspected abuse. TDPRS argued that sovereign immunity barred the Bushes' suit, and the trial court dismissed the action for want of subject matter jurisdiction.

Whether a trial court has subject matter jurisdiction is a question of law subject to de novo review. *See Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998), *petition for cert. filed*, 67 U.S.L.W. 3149 (U.S. Aug. 6, 1998) (No. 98–249); *see also Ameri-*

*can Pawn & Jewelry, Inc. v. Kayal*, 923 S.W.2d 670, 672 (Tex.App.—Corpus Christi 1996, writ denied); *North Alamo Water Supply Corp. v. Texas Dep't of Health*, 839 S.W.2d 455, 457 (Tex.App.—Austin 1992, writ denied). In reviewing an order of dismissal for want of jurisdiction, we construe the pleadings in favor of the pleader. *See North Alamo Water Supply Corp.*, 839 S.W.2d at 457; *see also Huston v. FDIC*, 663 S.W.2d 126, 129 (Tex.App.—Eastland 1983, writ ref'd n.r.e.); *Paradissis v. Royal Indem. Co.*, 496 S.W.2d 146, 148 (Tex.Civ.App.—Houston [14th Dist.] 1973), *aff'd*, 507 S.W.2d 526 (Tex. 1974).

The sole point on appeal is whether the Bushes' suit falls within the Act's waiver of governmental immunity. Specifically, we must decide whether the intake questionnaires and other forms utilized by TDPRS constitute tangible property under the Act.[1] To decide this question, we look for guidance in the Supreme Court of Texas' decision in *University of Texas Med. Branch v. York*, 871 S.W.2d 175, 178 (Tex.1994).

In the *York* case, the plaintiff complained that the hospital misused hospital records by failing to properly record events and circumstances on the date of his injury and by failing to memorialize observations about his medical condition, which prevented early diagnosis and treatment for his broken hip. *See id.* at 176. In determining whether the hospital records were tangible property under the Act, the court noted that, although the paper on which the medical information was recorded is tangible in the sense that it can be seen and touched, the information itself is not tangible property, but rather "an abstract concept, lacking corporeal, physical, or palpable qualities ... [and] the fact that information is recorded in writing does not render the information tangible property." *Id.* at 179.

---

1. Waiver of sovereign immunity is governed by section 101.021 of the Act. At issue is section 2 which provides:

   **§ 101.021. Governmental Liability**
   A governmental unit in the state is liable for:
   . . . .

   (2) personal injury and death so caused by a condition or *use of tangible personal or real property* if the governmental unit would, were it a private person, be liable to the claimant according to Texas law.
   Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 1997) (emphasis supplied).

In the instant case, the Bushes attempt to distinguish *York* by arguing that their cause of action is not premised upon the use or misuse of information contained on the forms and questionnaires, but rather upon the misuse of the forms and questionnaires themselves. According to the Bushes, the forms and questionnaires that were allegedly misused by TDPRS are tangible property, and that TDPRS's failure to properly use the documents during its investigation into the Bush household precluded TDPRS from taking steps to protect the children from their parents, and, as a result, caused Maranda's death and the surviving children to suffer continued abuse.

The Bushes' argument fails for two reasons. First, *York* clearly holds that information and the paper on which it is written is not tangible property under the Act. *See id.* This is true whether the information and paper are properly used or not. The Bushes' causes of action against TDPRS are based upon the alleged failure to properly use paper forms and questionnaires. We find that, while the forms and questionnaires are tangible in the sense that they can be seen and touched, *see id.*, neither they nor the information that may or may not have been recorded on the forms and questionnaires is tangible property within the meaning of section 101.021 of the Act.[2]

Secondly, even if TDPRS forms and questionnaires constituted tangible property, their alleged misuse would not support a claim under the Act because Maranda's death and the children's injuries were not caused by the use or misuse of the forms and questionnaires. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (governmental entity liable for injuries *"caused* by a condition or use of tangible personal or real property") (emphasis supplied). Property does not

cause injury "if it does no more than furnish the condition that makes the injury possible." *Dallas County Mental Health & Mental Retardation v. Bossley,* 968 S.W.2d 339, 343 (Tex.), *cert. denied,* —— U.S. ——, 119 S.Ct. 541, —— L.Ed.2d —— (1998). The Bushes here concede that the children were "subjected to severe physical and emotional abuse by their parents," and that Maranda died "from injuries inflicted upon her by her parents." Even though TDPRS's investigation and decision-making process were part of a tragic sequence of events that resulted in the children's injuries and Maranda's death at the hands of their parents, the alleged use, misuse, or nonuse of the forms and questionnaires was too far removed from the injuries and death to be said to have caused them. Accordingly, we conclude that Maranda's death and the children's injuries were "distant geographically, temporally, and causally" from any alleged negligence on the part of TDPRS by failing to use its forms such that no waiver of governmental immunity occurred under the Act. *Id.*

The Bushes' sole point is overruled and the judgment of the trial court is affirmed.

---

2. *See also Thornhill v. Ronnie's I–45 Truck Stop, Inc.,* 944 S.W.2d 780, 785–86 (Tex.App.—Beaumont 1997, writ dism'd by agr.) (fire marshal's inspection report not tangible property and decisions therefrom not actionable); *Texas Youth Comm'n v. Ryan,* 889 S.W.2d 340, 344–45 (Tex. App.—Houston [14th Dist.] 1994, no writ) (written diagnostic tests and evaluation not tangible property and decisions based thereon are outside Act's scope); *Washington v. City of Houston,* 874 S.W.2d 791, 794–95 (Tex.App.—Texarkana 1994,

no writ) (failure to gather, review, and maintain information in employee personnel file is not a use or misuse of tangible property under Act); *Montoya v. John Peter Smith Hosp.,* 760 S.W.2d 361, 364 (Tex.App.—Fort Worth 1988, writ denied) (hospital's blank triage form was not tangible property and nonuse of form was not a use within Act); *Russell v. Texas Dep't of Human Resources,* 746 S.W.2d 510, 513 (Tex.App.—Texarkana 1988, writ denied) (use of child abuse forms held not use of tangible property).