**HARRIS COUNTY, Appellant,**

v.

**PROGRESSIVE NATIONAL BANK, Appellee.**

No. 14–02–00153–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 12, 2002.

Stephen A. Smith, Houston, for appellants.

* Senior Chief Justice Paul C. Murphy sitting by

Daniel F. Castaneda, Houston, for appellees.

Panel consists of Justices HUDSON and FOWLER, and Senior Chief Justice MURPHY.*

## OPINION

J. HARVEY HUDSON, Justice.

Our opinion of July 3, 2002, is withdrawn and substituted with the following opinion.

This appeal arises from the seizure and sale by appellant Harris County, Texas ("Harris County"), of an automobile on which Progressive National Bank ("PNB") held a lien. In a single point of error, Harris County contends the trial court erred in denying its plea to the jurisdiction. We affirm.

On January 22, 1999, PNB perfected its security interest in an automobile owned by Wesley Dunning, a resident of Louisiana, by filing notice of its lien with the relevant Louisiana state agency. Thereafter, on August 8, 1999, Harris County Sheriff's deputies confiscated Mr. Dunning's automobile. At the time of its confiscation, the automobile bore Louisiana tags and license plates.

As attempts to contact Mr. Dunning and any lienholders proved unavailing, on October 13, 1999, the automobile was sold at auction by the Harris County Sheriff's Department for $630. On October 28, 1999, however, PNB notified Harris County that it had a valid lien on the vehicle. Harris County responded that the vehicle had been sold, the purchaser, by statute, took free and clear of all liens and claims of ownership, and that approximately $20 remained of the sale proceeds after ex-

assignment.

penses. PNB filed suit in an attempt to recoup the $4,931.11 remaining of its lien, alleging that Harris County's actions amounted to an unconstitutional taking of its property rights in the vehicle. Harris County then filed a plea to the jurisdiction, asserting that sovereign immunity barred PNB's suit. The trial court denied Harris County's motion without specifying the grounds therefor, and this appeal ensued.

■ A plea to the jurisdiction is the vehicle by which a party contests the trial court's authority to determine the subject matter of the cause of action. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000); *TRST Corpus, Inc. v. Financial Center, Inc.*, 9 S.W.3d 316, 320 (Tex. App.-Houston [14th Dist.] 1999, pet. denied). It is a dilatory plea whose purpose is to defeat the cause of action without defeating the merits of the case. *Id.* The plaintiff bears the burden of alleging facts that affirmatively show the trial court has subject matter jurisdiction. *Id.* Because the question of subject matter jurisdiction is a legal question, we review the trial court's ruling on a plea to the jurisdiction under a *de novo* standard of review. *Id.*

■ When deciding a plea to the jurisdiction, the general rule is the trial court must look to the allegations in the petition and must accept those allegations as true. *Id.* The trial court does not look at the merits of the case. *Id.* If the petition fails to allege jurisdictional facts, the plaintiff

has a right to amend before the trial court dismisses the cause. *Id.* Dismissing a cause of action for lack of subject matter jurisdiction is proper only when it is impossible for the plaintiff's petition to confer jurisdiction on the court. *Id.*

■ In its sole point of error, Harris County contends the trial court erred in denying its plea to the jurisdiction because sovereign immunity barred PNB's suit. In its pleading, Harris County alleged it was protected by sovereign immunity because (1) "[t]he Sheriff's Department did in good faith attempt to find the owner and any lienholder for the automobile," and (2) "the deputies did not intend to deprive Progressive of the car." In its appellate brief, Harris County has more specifically asserted that there was no unconstitutional "taking" of property because (1) it was not required to notify PNB of the sale under Section 683.012 of the Transportation Code,[1] (2) property sold at a public auction cannot constitute a "taking" of the property,[2] and (3) it had no intent to "take" PNB's property.

■ Although Harris County's pleading purports to be a "Plea to the Jurisdiction," it rests upon unresolved factual contentions that go directly to the merits of PNB's suit. The resolution of these factual issues must be reserved for a later occasion. The only issue to be decided in this appeal relates solely to the question of

1. Although PNB makes reference to the Transportation Code in the "background facts" of its Fourth Amended Petition, PNB relies on Art. I, § 17 of the Texas Constitution, not the Transportation Code, in asserting that Harris County had a duty to notify it of the pending sale. *See Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex.1980) (holding Constitution itself can provide authorization for compensation for the taking, damaging, or destruction of property for public use).

2. Harris County asserted in its plea to the jurisdiction that because it retained the twenty dollars it received for the car at public auction (after deducting expenses) for the benefit of the owner or lienholder, no "taking" of property occurred. In its response, PNB claimed the "taking" arose not from the sale itself, but from the lack of notice of the sale. Whether Harris County intended to take PNB's property by not giving notice of the sale directly to PNB is, again, dependent to some extent upon factual determinations.

jurisdiction. Whether the Sheriff's Department lacked "good faith" or "intended" to take PNB's property are issues relating to the merits of PNB's cause of action, not the trial court's jurisdiction to decide the case. While a court must hear and consider evidence necessary to resolve jurisdictional issues raised in a plea to the jurisdiction, it is not authorized to pursue the inquiry so far into the substance of the claims presented that the plaintiff is required to put on its case simply to establish jurisdiction. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 554. "Whether a determination of subject-matter jurisdiction can be made in a preliminary hearing or should await a fuller development of the merits of the case must be left largely to the trial court's sound exercise of discretion." *Id.*

The doctrine of sovereign immunity does not shield Harris County from an action for compensation under the takings clauses of the Texas or United States Constitutions. *General Services Comm'n v. Little–Tex Insulation*, 39 S.W.3d 591, 598 (Tex. 2001); *Steele v. City of Houston*, 603 S.W.2d 786, 791 (Tex.1980). Moreover, to surmount Harris County's plea to the jurisdiction, PNB was required to allege in good faith only that "(1) [Harris County] intentionally performed certain acts, (2) that resulted in a 'taking' of property, (3) for public use." *General Services Comm'n*, 39 S.W.3d at 598 (citing *Steele*, 603 S.W.2d at 788–92). In its Fourth Amended Petition, PNB asserted that (1) Harris County intentionally sold Mr. Dunning's automobile, while disregarding its duty to notify PNB, (2) that the sale resulted in a taking of PNB's property, and (3) that such taking was for public use. Looking at the allegations in plaintiff's petition, taking them as true, and construing them in the light most favorable to the pleader, we hold that plaintiff's petition states a claim for a constitutional taking. *Kerr v. Texas Dept. of Transp.*, 45 S.W.3d 248, 252 (Tex.App.-Houston [1st Dist.] 2001, no pet.). Further, Harris County does not contend the plaintiff's petition has been made in bad faith. Because the plaintiff's petition is sufficient to invoke the subject-matter jurisdiction of the trial court, Harris County's sole point of error is overruled.[3]

The judgment of the trial court is affirmed.

---

3. Because our holding is limited solely to the issue of jurisdiction, we make no judgment regarding the merits of PNB's case nor should our opinion be construed as foreclosing Harris County's right to seek summary judgment.