COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-169-CV

JEFFREY D. WESTBROOK APPELLANT

V.

DANNY R. HORTON, ROBERT R. APPELLEES

TREON, JAMES D. MOONEYHAM,

RICHARD E. WARHEN, JIMMY O.

BOWMAN, JIMMY S. WEBB, 

DEBORAH L. FORD, ROY W. MONROE, 

GARY D. WEST, SHARON L. MCWHIRTER,

PRISCILLA R. MORALES, RODNEY COOPER, 

PATSY F. BELL, DAVID F. FONDREN,

KELLI WARD, GARY L. JOHNSON,

JANIE COCKRELL, FRANK D. HOKE, 

JOHN M. PATRICK, VICKIE BARROW, 

DAVID JOHNSON, DOUG DRETKE, 

ANITA R. BREAUX, KELLY OFFIELD, 

AND SHERILYN TRENT

------------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

Appellant Jeffrey D. Westbrook, proceeding pro se, appeals the trial court’s order granting the Appellees’ pleas to the jurisdiction.  The primary issue that we address is whether Westbrook pleaded damages within the district court’s jurisdictional limits.  Because Westbrook specifically pleaded compensatory and exemplary damages within the district court’s jurisdictional limits, we will reverse and remand.
 

II.  Factual and Procedural Background

Westbrook is an inmate in the Allred Unit of the Texas Department of Criminal Justice.  He claims that on numerous occasions Appellees, who are all prison officials, seized and destroyed law, medical, reference, and religious books that they found in his cell and confiscated his legal mail.  After exhausting his administrative remedies, Westbrook ultimately filed suit in the 89th District Court in Wichita County to recover damages from each defendant in their individual capacities for the confiscation and destruction of his property.  Appellees Fondren, Hoke, Johnson, Patrick, Cooper, West, Ford, Mooneyham, Webb, Morales, Bowman, and Barrow filed a joint plea to the jurisdiction, and Ward, Bell, Horton, Monroe, and Trent filed a separate joint plea to the jurisdiction.  The basis for both groups of Appellees’ pleas to the jurisdiction was that Westbrook had failed to in good faith plead damages within the jurisdictional limits of the trial court.  The trial court granted Appellees’ pleas to the jurisdiction.
(footnote: 2)  This appeal followed.

III.  Pleading Damages in Good Faith

In his first issue, Westbrook argues that the trial court erred by dismissing his lawsuit on a plea to the jurisdiction for alleged failure to plead damages.  The State responds that the trial court did not abuse its discretion by dismissing the lawsuit based on a plea to the jurisdiction because a plea to the jurisdiction is proper to challenge fraudulent allegations of an amount in controversy. 

Whether a trial court has subject matter jurisdiction is a question of law and is reviewed de novo.  
Mayhew v. Town of Sunnyvale
, 964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144; 
Bush v. Tex. Dep’t of Protective & Regulatory Servs.
, 983 S.W.2d 366, 368 (Tex. App.—Fort Worth 1998, pet. denied).  A plaintiff bears the burden of alleging facts showing that the trial court has subject matter jurisdiction.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd.
, 852 S.W.2d 440, 446 (Tex. 1993); 
Osburn v. Denton County
, 124 S.W.3d 289, 292 (Tex. App.—Fort Worth 2003, pet. denied).  When deciding whether the trial court has jurisdiction, this court must look solely to the allegations in the petition.  
Harris County v. Progressive Nat’l Bank
, 93 S.W.3d 381, 383 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).  We must take the allegations in the petition as true and construe them in favor of the pleader.  
Tex. Ass’n of Bus.
, 852 S.W.2d at 446.

When a defendant asserts that the amount in controversy is below the court’s jurisdictional limit, the plaintiff’s pleadings are determinative unless the defendant specifically alleges that the amount was pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction, or the defendant can readily establish that the amount in controversy is insufficient.  
Bland ISD v. Blue
, 34 S.W.3d 547, 554 (Tex. 2000).  The plaintiff’s allegation of damages in excess of jurisdictional limits suffices to show the amount in controversy, even if damages cannot ultimately be proved at all.  
Id.  
Were it otherwise, the plaintiff would be required to try his entire case to show an entitlement to damages in excess of the court’s jurisdictional limits.  
Id
.  Because a plaintiff is not required to prove his damages in order to support jurisdiction, the issue is not whether there is a fact question as to the actual amount of his damages; the issue is whether there is a fact question as to whether the actual amount of his damages is within the court’s jurisdictional limit.  
See Tex. Dep’t of Parks & Wildlife v. Miranda
, 133 S.W.3d 217, 227-28 (Tex. 2004).

Appellees implicitly argue that Westbrook’s claims do not meet the jurisdictional minimum because the property that was seized and destroyed consisted merely of legal mail and books.
(footnote: 3)  Appellees make no attempt, however, to support their claim that Westbrook fraudulently pleaded an amount in controversy purely as a sham to wrongfully invoke the district court’s jurisdiction.  Appellees did not offer jurisdictional evidence attempting to estimate the value of the books and mail that Westbrook alleged they confiscated or to show that the items’ value fell short of the district court’s jurisdictional minimum.  Under these circumstances, Westbrook’s allegations continue to control.  
See Miranda
, 133 S.W.3d at 224 n.4; 
Rylander v. Caldwell
, 23 S.W.3d 132, 135 (Tex. App.—Austin 2000, no pet.) (recognizing that “[t]he truth of the plaintiff’s allegations is at issue only if the defendant pleads and proves that the allegations were fraudulently made to confer jurisdiction on the court”).

And Westbrook’s pleadings specifically assert damages in varying amounts, all exceeding the jurisdictional limit
 of the district court.  In “Plaintiff’s (Second) Refiled Complaint for Conversion of Property and Petition for Injunctive Relief,” which the trial court treated as the original petition, Westbrook stated that “[t]he District Court has jurisdiction over this matter under the Texas Constitution, Texas Government Code, and Chapter 14 of the Texas Civil Practice and Remedies Code.”  Westbrook alleged damages in that complaint in the amount of $5,000 in compensatory damages total from all Appellees and $10,000 in exemplary damages from each Appellee.  In a supplemental complaint that was “intended to complement and supplement, not replace” his original complaint, Westbrook alleged that “[l]ike the Original [Petition, his claim was] for the deliberate, malicious, retaliatory[,] and ongoing seizure and destruction of [his] law, medical, reference[,] and religious books and other tangible property, in violation of TDCJ policies and rules.”  Westbrook described two books that were seized, one of which he alleged had a replacement cost of $100 and the other $185.  Westbrook also stated that his family Bible had been seized and attached an appendix to his first supplemental complaint, listing approximately forty-five books that had been seized.  Westbrook again requested $5,000 in compensatory damages, trebled to $15,000, and exemplary damages of $10,000.  Westbrook filed additional supplemental complaints, pleading that the seizures were ongoing in nature and alleging that additional, identified books had been seized.

Thus, Westbrook pleaded that a total of approximately one hundred of his reference books were seized and destroyed and claimed damages in the amount of $5,000, an amount in excess of the jurisdictional minimum of the district court. Westbrook therefore pleaded damages within the district court’s jurisdictional limits.  
See
 Tex. Const.
 art. V, § 8; 
Tex. Gov’t Code Ann.
 § 24.007 (Vernon 1988) (describing subject matter jurisdiction of district court).  Westbrook consequently satisfied the requirements of Texas Rule of Civil Procedure 47(b).  
See
 
Tex. R. Civ. P.
 47(b) (requiring the original pleading in a claim for unliquidated damages to contain a statement that all damages sought are within the jurisdictional limits of the court);
 see generally United Servs. Auto. Assoc. v. Brite
, 215 S.W.3d 400, 401 (Tex. 2007) (stating that amount in controversy is determined by the amount the plaintiff seeks to recover).  In the absence of jurisdictional evidence proving that these allegations were fraudulently made by Westbrook to confer jurisdiction on the district court, we accept them as true.

Appellees rely on the case of 
Borrego v. Palacio 
for the proposition that Westbrook has not pleaded damages above the district court’s minimum jurisdictional limit.  
See
 445 S.W.2d 620 (Tex. Civ. App.—El Paso 1969, no writ).  But 
Borrego
 dealt with a plaintiff who identified specific musical instruments that had each been taken by specific individuals—not prison officials—and pleaded an express value for each instrument. 
 Id
. at 621-22.  Here, Westbrook claims that the named prison personnel are jointly responsible for the confiscation of his books and legal mail; he does not seek less than the full amount of his compensatory damages from any single Appellee.  Consequently, 
Borrego
 is inapplicable. 

Taking Westbrook’s pleadings as true, as we must, we hold that the trial court possessed subject matter jurisdiction over his claims.  
See Tex. Ass’n of Bus.
, 852 S.W.2d at 446; 
Sawyer
, 2002 WL 1765121, at *2 (holding that trial court had subject matter jurisdiction over appellant’s claims because he pleaded damages in the amount of $20,205.80 for twenty stolen stamps and the office supplies expended in maintaining his lawsuit).  Because Westbrook’s alleged failure to plead damages above the jurisdictional limits of the district court is the only ground upon which Appellees based their pleas to the jurisdiction, it can be the only basis upon which the trial court was authorized to grant Appellees’ pleas to the jurisdiction.
(footnote: 4)  We sustain 
Westbrook’s first issue.  Because we have sustained Westbrook’s first issue, we need not address his alternatively asserted second and third issues.  
See
 
Tex. R. App. P.
 47.1.

IV.  Conclusion

Having sustained Westbrook’s first issue, we reverse the trial court’s judgment and remand the case to the trial court.

PER CURIAM

PANEL F: WALKER, J.; CAYCE, C.J.; and MCCOY, J.

DELIVERED: May 3, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Although the remaining Appellees did not file a plea to the jurisdiction, the trial court’s order stated, “This Order is intended to dispose of all defendants as a party to this case and all claims against each one and shall constitute a final judgment.” 

3:
For purposes of this opinion, we will assume that the jurisdiction of the district court does not extend to controversies involving sums of less than $500.00  
Compare Peek v. Equip. Serv. Co. of San Antonio
, 779 S.W.2d 802, 803-04 n.4 (Tex. 1989), 
and Chapa v. Spivey
, 999 S.W.2d 833, 836 (Tex. App.—Tyler 1999, no pet.) (both explaining legislative changes and using $500.00 as jurisdictional minimum of district court), 
with Kleven v. Tex. Dep’t of Criminal Justice
, No. 06-03-00086-CV, 2004 WL 557179, at *1 (Tex. App.—Texarkana Mar. 22, 2004, no pet.) (mem. op.), 
and Sawyer v. Tex. Dep’t of Criminal Justice—Institutional Div.
, No. 01-98-00990-CV, 2002 WL 1765121, at *2 (Tex. App.—Houston [1st Dist.] Aug. 1, 2002, pet. denied) (not designated for publication) (both using $200.01 as jurisdictional minimum of district court).

4:
The trial court’s judgment stated, “It is hereby 
ORDERED
 that Defendants’ Plea to the Jurisdiction be 
GRANTED
 and this case be dismissed without prejudice.”