COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

                                        NO.
2-06-169-CV

 

 

JEFFREY D. WESTBROOK                                                     APPELLANT

 

                                                   V.

 

DANNY R. HORTON, ROBERT R.                                             APPELLEES

TREON, JAMES D.
MOONEYHAM,

RICHARD E. WARHEN, JIMMY
O.

BOWMAN, JIMMY S. WEBB, 

DEBORAH L. FORD, ROY W.
MONROE, 

GARY D. WEST, SHARON L.
MCWHIRTER,

PRISCILLA R. MORALES,
RODNEY COOPER, 

PATSY F. BELL, DAVID F.
FONDREN,

KELLI WARD, GARY L.
JOHNSON,

JANIE COCKRELL, FRANK D.
HOKE, 

JOHN M. PATRICK, VICKIE
BARROW, 

DAVID JOHNSON, DOUG
DRETKE, 

ANITA R. BREAUX, KELLY
OFFIELD, 

AND SHERILYN TRENT

 

                                              ------------

 

             FROM THE 89TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------








I.  Introduction

Appellant Jeffrey D. Westbrook, proceeding pro
se, appeals the trial court=s order
granting the Appellees= pleas to the jurisdiction.  The primary issue that we address is whether
Westbrook pleaded damages within the district court=s
jurisdictional limits.  Because Westbrook
specifically pleaded compensatory and exemplary damages within the district
court=s
jurisdictional limits, we will reverse and remand. 

II.  Factual and Procedural Background








Westbrook is an inmate in the Allred Unit of the
Texas Department of Criminal Justice.  He
claims that on numerous occasions Appellees, who are all prison officials,
seized and destroyed law, medical, reference, and religious books that they
found in his cell and confiscated his legal mail.  After exhausting his administrative remedies,
Westbrook ultimately filed suit in the 89th District Court in Wichita County to
recover damages from each defendant in their individual capacities for the
confiscation and destruction of his property. 
Appellees Fondren, Hoke, Johnson, Patrick, Cooper, West, Ford,
Mooneyham, Webb, Morales, Bowman, and Barrow filed a joint plea to the
jurisdiction, and Ward, Bell, Horton, Monroe, and Trent filed a separate joint
plea to the jurisdiction.  The basis for
both groups of Appellees= pleas to the jurisdiction was
that Westbrook had failed to in good faith plead damages within the
jurisdictional limits of the trial court. 
The trial court granted Appellees= pleas
to the jurisdiction.[2]  This appeal followed.

III.  Pleading Damages in Good Faith

In his first issue, Westbrook argues that the
trial court erred by dismissing his lawsuit on a plea to the jurisdiction for
alleged failure to plead damages.  The
State responds that the trial court did not abuse its discretion by dismissing
the lawsuit based on a plea to the jurisdiction because a plea to the
jurisdiction is proper to challenge fraudulent allegations of an amount in
controversy. 








Whether a trial court has subject matter
jurisdiction is a question of law and is reviewed de novo.  Mayhew v. Town of Sunnyvale, 964 S.W.2d
922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144; Bush v. Tex. Dep=t of
Protective & Regulatory Servs., 983 S.W.2d 366, 368 (Tex. App.CFort
Worth 1998, pet. denied).  A plaintiff
bears the burden of alleging facts showing that the trial court has subject
matter jurisdiction.  Tex. Ass=n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 446 (Tex.
1993); Osburn v. Denton County, 124 S.W.3d 289, 292 (Tex. App.CFort
Worth 2003, pet. denied).  When deciding
whether the trial court has jurisdiction, this court must look solely to the
allegations in the petition.  Harris
County v. Progressive Nat=l Bank, 93
S.W.3d 381, 383 (Tex. App.CHouston
[14th Dist.] 2002, pet. denied).  We must
take the allegations in the petition as true and construe them in favor of the
pleader.  Tex. Ass=n of
Bus., 852 S.W.2d at 446.

When a defendant asserts that the amount in
controversy is below the court=s
jurisdictional limit, the plaintiff=s pleadings
are determinative unless the defendant specifically alleges that the amount was
pleaded merely as a sham for the purpose of wrongfully obtaining jurisdiction,
or the defendant can readily establish that the amount in controversy is
insufficient.  Bland ISD v. Blue,
34 S.W.3d 547, 554 (Tex. 2000).  The
plaintiff=s allegation of damages in
excess of jurisdictional limits suffices to show the amount in controversy,
even if damages cannot ultimately be proved at all.  Id. 
Were it otherwise, the plaintiff would be required to try his entire
case to show an entitlement to damages in excess of the court=s
jurisdictional limits.  Id.  Because a plaintiff is not required to prove
his damages in order to support jurisdiction, the issue is not whether there is
a fact question as to the actual amount of his damages; the issue is whether
there is a fact question as to whether the actual amount of his damages is
within the court=s jurisdictional limit.  See Tex. Dep=t of
Parks & Wildlife v. Miranda, 133 S.W.3d 217, 227-28 (Tex.
2004).













Appellees implicitly argue that Westbrook=s claims
do not meet the jurisdictional minimum because the property that was seized and
destroyed consisted merely of legal mail and books.[3]  Appellees make no attempt, however, to
support their claim that Westbrook fraudulently pleaded an amount in
controversy purely as a sham to wrongfully invoke the district court=s
jurisdiction.  Appellees did not offer
jurisdictional evidence attempting to estimate the value of the books and mail
that Westbrook alleged they confiscated or to show that the items= value
fell short of the district court=s
jurisdictional minimum.  Under these
circumstances, Westbrook=s allegations continue to
control.  See Miranda, 133 S.W.3d
at 224 n.4; Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex. App.CAustin
2000, no pet.) (recognizing that A[t]he
truth of the plaintiff=s allegations is at issue only
if the defendant pleads and proves that the allegations were fraudulently made
to confer jurisdiction on the court@).








And Westbrook=s
pleadings specifically assert damages in varying amounts, all exceeding the
jurisdictional limit of the district court. 
In APlaintiff=s
(Second) Refiled Complaint for Conversion of Property and Petition for
Injunctive Relief,@ which the trial court treated
as the original petition, Westbrook stated that A[t]he
District Court has jurisdiction over this matter under the Texas Constitution,
Texas Government Code, and Chapter 14 of the Texas Civil Practice and Remedies
Code.@  Westbrook alleged damages in that complaint
in the amount of $5,000 in compensatory damages total from all Appellees and
$10,000 in exemplary damages from each Appellee.  In a supplemental complaint that was Aintended
to complement and supplement, not replace@ his
original complaint, Westbrook alleged that A[l]ike
the Original [Petition, his claim was] for the deliberate, malicious,
retaliatory[,] and ongoing seizure and destruction of [his] law, medical,
reference[,] and religious books and other tangible property, in violation of
TDCJ policies and rules.@ 
Westbrook described two books that were seized, one of which he alleged
had a replacement cost of $100 and the other $185.  Westbrook also stated that his family Bible
had been seized and attached an appendix to his first supplemental complaint,
listing approximately forty-five books that had been seized.  Westbrook again requested $5,000 in
compensatory damages, trebled to $15,000, and exemplary damages of $10,000.  Westbrook filed additional supplemental
complaints, pleading that the seizures were ongoing in nature and alleging that
additional, identified books had been seized.

Thus, Westbrook pleaded that a total of
approximately one hundred of his reference books were seized and destroyed and
claimed damages in the amount of $5,000, an amount in excess of the
jurisdictional minimum of the district court. Westbrook therefore pleaded
damages within the district court=s
jurisdictional limits.  See Tex. Const. art. V, ' 8; Tex. Gov=t Code Ann. ' 24.007
(Vernon 1988) (describing subject matter jurisdiction of district court).  Westbrook consequently satisfied the
requirements of Texas Rule of Civil Procedure 47(b).  See Tex.
R. Civ. P. 47(b) (requiring the original pleading in a claim for
unliquidated damages to contain a statement that all damages sought are within
the jurisdictional limits of the court); see generally United Servs. Auto.
Assoc. v. Brite, 215 S.W.3d 400, 401 (Tex. 2007) (stating that amount in
controversy is determined by the amount the plaintiff seeks to recover).  In the absence of jurisdictional evidence
proving that these allegations were fraudulently made by Westbrook to confer
jurisdiction on the district court, we accept them as true.








Appellees rely on the case of Borrego v.
Palacio for the proposition that Westbrook has not pleaded damages above
the district court=s minimum jurisdictional
limit.  See 445 S.W.2d 620 (Tex.
Civ. App.CEl Paso 1969, no writ).  But Borrego dealt with a plaintiff who
identified specific musical instruments that had each been taken by specific
individualsCnot prison officialsCand
pleaded an express value for each instrument.  Id. at 621-22.  Here, Westbrook claims that the named prison
personnel are jointly responsible for the confiscation of his books and legal
mail; he does not seek less than the full amount of his compensatory damages
from any single Appellee.  Consequently, Borrego
is inapplicable. 








Taking Westbrook=s
pleadings as true, as we must, we hold that the trial court possessed subject
matter jurisdiction over his claims.  See
Tex. Ass=n of Bus., 852
S.W.2d at 446; Sawyer, 2002 WL 1765121, at *2 (holding that trial court
had subject matter jurisdiction over appellant=s claims
because he pleaded damages in the amount of $20,205.80 for twenty stolen stamps
and the office supplies expended in maintaining his lawsuit).  Because Westbrook=s
alleged failure to plead damages above the jurisdictional limits of the
district court is the only ground upon which Appellees based their pleas to the
jurisdiction, it can be the only basis upon which the trial court was
authorized to grant Appellees= pleas
to the jurisdiction.[4]  We sustain Westbrook=s first
issue.  Because we have sustained
Westbrook=s first issue, we need not
address his alternatively asserted second and third issues.  See Tex.
R. App. P. 47.1.

IV.  Conclusion

Having sustained Westbrook=s first
issue, we reverse the trial court=s
judgment and remand the case to the trial court.

 

PER
CURIAM

 

PANEL F:    WALKER, J.; CAYCE, C.J.; and MCCOY, J.

 

DELIVERED: May 3, 2007

 











[1]See Tex. R. App. P. 47.4.





[2]Although the remaining
Appellees did not file a plea to the jurisdiction, the trial court=s order stated, AThis Order is intended to
dispose of all defendants as a party to this case and all claims against each
one and shall constitute a final judgment.@ 





[3]For purposes of this
opinion, we will assume that the jurisdiction of the district court does not
extend to controversies involving sums of less than $500.00  Compare Peek v. Equip. Serv. Co. of San
Antonio, 779 S.W.2d 802, 803-04 n.4 (Tex. 1989), and Chapa v. Spivey,
999 S.W.2d 833, 836 (Tex. App.CTyler 1999, no pet.) (both explaining legislative
changes and using $500.00 as jurisdictional minimum of district court), with
Kleven v. Tex. Dep=t of Criminal Justice, No. 06-03-00086-CV,
2004 WL 557179, at *1 (Tex. App.CTexarkana Mar. 22, 2004, no pet.) (mem. op.), and
Sawyer v. Tex. Dep=t of Criminal JusticeCInstitutional Div., No. 01-98-00990-CV,
2002 WL 1765121, at *2 (Tex. App.CHouston [1st Dist.] Aug. 1, 2002, pet. denied)
(not designated for publication) (both using $200.01 as jurisdictional minimum
of district court).





[4]The trial court=s judgment stated, AIt is hereby ORDERED
that Defendants= Plea to the Jurisdiction
be GRANTED and this case be dismissed without prejudice.@