**Garland M. LASATER, Appellant,**

v.

**John F. MAHER et ux., Appellees.**

**No. 13527.**

Court of Civil Appeals of Texas.

San Antonio.

Nov. 25, 1959.

Rehearing Denied Dec. 23, 1959.

Kampmann & Kampmann, San Antonio, for appellant.

Lloyd, Lloyd & Dean, Alice, Vinson, Elkins, Weems & Searls, Houston, for appellees.

POPE, Justice.

John F. Maher, and wife, Lois Lasater Maher, sued for and obtained a decree permanently enjoining Garland M. Lasater from using a road across their ranch. Lasater appealed upon the grounds that his land is otherwise inaccessible and that he is entitled to an easement by implication and also by necessity. Maher and wife

plead res judicata and that there is no necessity for the roadway.

The Maher lands and the Garland Lasater lands were set over to them by a partition decree of the District Court of Brooks County in June, 1956. The partition decree adjudged that 9,345.69 acres of land were owned in equal one-thirds by John F. and Lois Lasater Maher, by Garland M. Lasater, and by the Lois Lasater Maher Trust. The court then appointed commissioners and they made their report. That report was approved by the court. The sketch, which is not to scale, illustrates the lands which were allocated to the Mahers, the Trust, and to Lasater.

-1-

It is seen that Garland M. Lasater owns two tracts, which are divided by a salt lake. No road crosses the lake from the Lasater lands on the north to his lands on the south. There is a paved County Road on the east side of the north Lasater tract, but to reach the south Lasater tract, called Section 331, he must rely upon a permissive use by private owners.

The trial court enjoined Lasater from using the road which runs east from Highway 281 across the Maher land to the Lasater Section 331. This road is known as the Gyp Mine Road, because it was built in 1927 to lead to a gypsum mine located on Section 331. While the mine ceased operations in 1942, the road is well-defined, and it continued to be used to the time of the 1956 partition decree.

In our opinion, the 1956 partition decree is res judicata with respect to the road. This is not a situation in which the partition decree was merely silent about a recognized road, as was the situation in Zapata County v. Llanos, Tex.Civ.App., 239 S.W.2d 699. Whether Lasater, as owner of Section 331, would have the use of the road was in issue, and was finally decided by the 1956 partition decree. The court in 1956, first decreed the interest of the owners, and then named commissioners to allocate the respective shares. They made

their report, but it was silent with respect to the use of the Gyp Mine Road as access to Section 331. Garland M. Lasater then filed objections to the report because it did not provide access to Section 331. Lasater's objections stated that Section 331 was completely surrounded by lands of other persons, was not accessible except by the Gyp Mine Road, which had been used for many years, and that he was entitled to the road as an easement of necessity. Lasater specially prayed for a way of necessity. Maher and wife replied, and for many reasons protested Lasater's use of the Gyp Mine Road. The partition decree of June 29, 1956, recited that the court had considered the report, and "heard the evidence in favor of and against the same." The decree specifically ordered "that the Motion of Garland M. Lasater, defendant and cross-plaintiff, for judgment filed herein on June 27, 1956, be and is in all things overruled." That was the motion which injected the road issue into the partition proceedings. Lasater gave notice of appeal but never perfected it. Errors in partition decrees are corrected by appeal. Frazier v. Hanlon Gasoline Co., Tex. Civ.App., 29 S.W.2d 461; 68 C.J.S. Partition § 120a.

Whether the reasons urged by Maher and wife that the easement should be denied Lasater are invalid and whether the court in 1956 erred in refusing to grant the easement are not the questions before us. Our only question is whether a court has already adjudicated this same dispute, and we are convinced it has.

■■■ The same road, the same issue, the same situation between the same parties are involved in this action, after the district court had already once finally de-

nied the easement in 1956. "The rule of conclusiveness applies to all judicial determinations, whether made in actions, legal or equitable, or in summary or special proceedings." Stephenson v. Miller-Link Lumber Co., Tex.Com.App., 277 S.W. 1039, 1040. And they apply to final decrees in partition matters. Hanrick v. Hanrick, 110 Tex. 59, 173 S.W. 211; 214 S.W. 321; Tompkins v. Hooker, Tex.Civ.App., 200 S. W. 193; 40 Am.Jur., Partition, § 74; 11–A Tex.Jur., Cotenancy, § 56. The judgment of the court in 1956 stated that the court considered the road issue, heard evidence, and then overruled the contentions by Lasater. In Schnitzendable v. Hasting, Tex. Civ.App., 97 S.W.2d 715, the appellants claimed a road by necessity, by implication, and by prescription. The court denied the claim by reason of an earlier partition deed which stated that "each share shall be free from any and all claims of all the other parties hereto." While in the instant case the partition was handled by a judgment, yet the judgment shows that the claim to a roadway was heard and denied, and it, too, would be final. Frazier v. Hanlon Gasoline Company, Tex.Civ.App., 29 S.W. 2d 461, 468. In partition suits the court may determine not only the share of interest of each joint owner or claimant, but also, under the rules, may consider "all questions of law or equity affecting the title to such land which may arise." Rule 760, Texas Rules of Civil Procedure. The road issue positively arose in and was adjudicated by the 1956 partition proceedings. See 28 C.J.S. Easements § 32; 144 A.L.R. 70. Whether Lasater was entitled to use the Gyp Mine Road as a way of necessity was the issue raised in the 1956 proceedings, and he has had his day in court.

The judgment is affirmed.