JOHN F. MAHER ET AL, Petitioners

V.

GARLAND M. LASATER ET AL, Respondents

No. A-8631. Decided February 21, 1962
Rehearing Denied April 4, 1962
354 S.W. 2d 923

*Lloyd, Lloyd & Dean,* Alice, for petitioners.

*Butler, Binion, Rice & Cook,* Houston, *Markel Heath,* Falfurrias, *R. H. Singleton,* Houston, *Harold E. Vittitoe,* Falfurrias, for respondents.

CHIEF JUSTICE CALVERT delivered the opinion of the Court.

Suit was by John F. Maher and others to set aside an order of the Commissioners Court of Brooks County declaring a private road across their land to be a public highway. The trial court granted the relief sought. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that the plaintiffs take nothing. 348 S.W. 2d 671.

In declaring the road to be a public highway, the Commissioners Court acted under apparent authority conferred by Article 6711, Vernon's Annotated Texas Civil Statutes. The pertinent provisions of the statute are set out at length in the opinion of the Court of Civil Appeals, 348 S.W. 2d 675, and need not be repeated here. As the statute now reads, and as it read at the time the order under attack was entered, a commissioners court is authorized to declare and open a public highway, at public expense, across lands of nonconsenting owners, upon application and showing that one or more landowners wish, but do not have, a means of access to their land or premises connecting with the county public road system. Petitioners assert that the statute is unconstitutional in so far as it authorizes a taking of their property in the factual situation before us.

The Commissioners Court's order was entered pursuant to application made by Garland M. Lasater. Lasater and petitioners had been tenants in common of lands acquired under the will of Mary M. Lasater. A plat of the lands is reproduced in the opinion of the Court of Civil Appeals in Lasater v. Maher, 330 S.W. 2d 481, 482. The lands were partitioned by judgment of the District Court of Brooks County in 1956. Section 331 was awarded to Lasater. The section is isolated from public roads by a salt lake on the North, privately owned land on the East and South, and land awarded to petitioners on the West. In the partition proceeding Lasater protested the report of the commissioners in partition because it did not award him an easement for an outlet by necessity across petitioners' land to a public highway bordering such land on the West. The matter was contested and Lasater's claim to the easement as a way of necessity was denied by the trial court's judgment. He did not appeal. Thereafter, he filed suit to establish a right to an easement across

petitioners' land as a road by necessity. He lost in the suit, upon a holding by the Court of Civil Appeals that the issue was res judicata. Lasater v. Maher, Texas Civ. App., 330 S.W. 2d 481, no writ history.

The roadway which the Commissioners Court's order establishes as a public highway is two and one-half miles in length. Its western terminus is at its intersection with the public highway bordering petitioners' land on the West and its eastern terminus is at the West line of Section 331. It dead-ends at that point. It does not serve as a means of access to any other land. There are no other residents along its course.

Lasater does not live on Section 331, and neither does anyone else. The land is grazing or pasture land and only about 60 of the 640 acres could be cultivated. The only improvements on the section are a windmill and some pens.

Section 17 of Article 1 of the Constitution of Texas provides that "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by consent of such person; * * *." That provision not only requires the payment of adequate compensation for property taken for public use, it prohibits the taking of property for *private* use. Marrs v. Railroad Commission, 142 Texas 293, 177 S.W. 2d 941, 949; Coastal States Gas Producing Co. v. Pate, 158 Texas 171, 309 S.W. 2d 828, 833. The provision operates as a limitation on the power of the Legislature as well as a limitation on the power of governmental agencies and public and private corporations. McInnis v. Brown County Water Imp. Dist., Texas Civ. App., 41 S.W. 2d 741, 744, writ refused. The Legislature may not authorize that which the Constitution prohibits.

Prior to amendment by the Legislature in 1953, Article 6711 authorized Commissioners Courts to declare a roadway to be a public highway only if they deemed "the road of sufficient public importance". As so written the statute conditioned the taking of property upon a finding that it would be dedicated to a public use. By Acts 53rd Leg., p. 1054, ch. 438, the requirement for a finding that the road was of public importance was eliminated, and Commissioners Courts are now authorized to declare a private roadway to be a public highway if applicants therefor wish it to be done and "have no means of access to their lands and premises". In so far as the amendment seeks to authorize the taking of private property for private use, it is unconstitutional and void.

■ Lasater argues that by the amendment the Legislature has declared that a public purpose is served when land is taken to provide a roadway for a landowner who has no means of access to his land. It may have done so by implication. It certainly has not done so expressly. In any event, a mere declaration by the Legislature cannot change a private use or private purpose into a public use or public purpose. Dallas Cotton Mills v. Industrial Co., Texas Com. App., 296 S.W. 503, 505; Texas Turnpike Co. v. Dallas County, 153 Texas 474, 271 S.W. 2d 400, 402. While a legislative declaration in this and kindred fields will be given great weight by the courts, the ultimate question of whether a particular use is a public use is a judicial question to be decided by the courts. Housing Authority of City of Dallas v. Higginbotham, 135 Texas 158, 143 S.W. 2d 79; Davis v. City of Lubbock, 160 Texas 38, 326 S.W. 2d 699.

Both parties to this litigation cite and to some extent rely on Phillips v. Naumann, 154 Texas 153, 275 S.W. 2d 464, as authority for their respective positions. That case grew out of an order of a Commissioners Court entered under authority of Article 6711 before it was amended. The order directed the opening of a roadway across land owned by Phillips to lake-front land owned by Naumann. A jury found that in entering the order the Commissioners Court was acting primarily for the benefit of Naumann and that the court did not deem the road of substantial public importance. The trial court, nevertheless, sustained the order of the Commissioners Court, and its judgment was affirmed by the Court of Civil Appeals. 270 S.W. 2d 266. We reversed the judgments of the district court and Court of Civil Appeals and rendered judgment invalidating the order of the Commissioners Court on one primary holding which was dispositive of the case. We held that the evidence established that Naumann had access to his land over another road and that there was no necessity for the established road. In deciding that question we *assumed,* but did not hold, that it is of public importance that every person *residing on land* be provided access to and from his land so that he may enjoy the privileges and discharge the duties of a citizen.

After deciding the controlling question in Phillips v. Naumann, we gave consideration to other matters which were urged upon our attention. What we said as to those matters may be dicta, but we regard the views we expressed as sound and as decisive of the issue before us here. We discussed the jury findings that the order opening the road was primarily for the benefit of Naumann and that the Commissioners Court did not deem

the opening of the road of any substantial public importance, and said (275 S.W. 2d 467):

> "The undisputed evidence discloses that the only persons who could be benefited by the opening of this road are the Naumanns and persons who might desire to visit them. The principle that private property cannot be taken for a private use is too elementary to call for a citation of authorities in support thereof. What this record discloses is the taking of private property of petitioners for the use of Naumann, and for no other use, and that, too, when there is no necessity for doing so."

The only possible public purpose conceivable which the road in this case can serve is that of putting the products of the soil and the range of Section 331 into the economy of the community. That question is also dealt with in Phillips v. Naumann. It was there suggested that by opening up the road Naumann would be enabled to establish a fishing camp or some other commercial development on his lands. We expressed our views with respect to the suggestion in this language (275 S.W. 2d 468):

> "It does not lie within the power of the Commissioners' Court to condemn a highway across petitioners' ranch in order to enable Naumann to establish a fishing camp or other commercial enterprise on his land. To do so would be taking private property for a private purpose."

No good purpose would be served by analyzing the many cases cited by the parties. The simple fact is that the Commissioners Court of Brooks County has entered an order which, if given effect, will, on the facts in this case, take petitioners' land for the private benefit of respondent Lasater. The order violates Section 17 of Article 1 of the Constitution and is void. No doubt the Commissioners Court acted in a good faith belief that its order was authorized by Article 6711. To the extent that the Article purports to authorize the taking of private property for private use, it also violates Section 17 of Article 1 of the Constitution and is void.

The judgment of the Court of Civil Appeals is reversed and the judgment of the trial court is affirmed.

Opinion delivered February 21, 1962.