

# THE ATTORNEY GENERAL
## OF TEXAS

October 6, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Pamela K. McKay
Kendall County Attorney
204 East San Antonio Street
Suite 12
Boerne, Texas   78006

Opinion No. JM-1105

Re: Authority of a commissioners court to reclassify a second class road as a neighborhood road   (RQ-1768)

Dear Ms. McKay:

You ask whether the commissioners court has authority to reclassify a second-class road as a neighborhood road. Your specific question is "whether [the county] can alter the road classification specifically to allow a landowner to make use of grazing land, and arguably inconvenience the non-landowners who use the road and [who] will be required to negotiate two bump gates if the road is reclassified."

You state that a landowner is interested in erecting bump gates at either end of a 2.5 mile stretch of second-class county road that runs through the owner's 558 acres of grazing land. The erection of bump gates would allow the owner to run goats on the property. You advise that bump gates are opened by nudging the gate with a vehicle's front bumper and that the gate closes behind the vehicle without the necessity of the driver exiting the vehicle.

Subsection 2.007(f) of article 6702-1, V.T.C.S., sets forth the conditions under which a gate may be placed across a county road. Subsection 2.007(f) provides:

> The owners of land across which a <u>third-class or neighborhood road may run</u>, when the right-of-way for the road has been acquired without cost to the county, <u>may erect gates across the road</u> when necessary, the gates to be not less than 10 feet wide and free of obstructions at the top. (Emphasis added.)

Subsection 2.007(a) of article 6702-1 provides that the commissioners court shall classify all public roads in the county as first-class, second-class, or third-class roads based on the width of the road. Subsection 2.007(c)

provides that a "first-class or second-class road may not be reduced to a lower class."

Section 2.006 of article 6702-1 sets forth the circumstances under which a commissioners court may establish a neighborhood road. Any landowner to whose land there is no public road or means of access may apply to the commissioners court for an access road connecting his land with a public road system. Id. § 2.006(b). Notice must be given affected landowners and, following a hearing, the commissioners court may declare lines designated in the application or fixed by the court to be a public highway if it appears that the applicant has no other means of access to his land.[1] Id. (c), (d).

------

1. While the road in question is in existence and there is no question of the taking of property by a county for the use of an individual, the opinion of the supreme court in Maher v. Lasater, 354 S.W.2d 923 (Tex. 1962), might raise some question about the constitutionality of the neighborhood road statute. See 36 D. Brooks, County & Special District Law § 40.9 (Texas Practice 1989).

In Maher, the court stated:

> Prior to amendment by the Legislature in 1953, Article 6711 authorized Commissioners Courts to declare a roadway to be a public highway only if they deemed 'the road of sufficient public importance.' As so written the statute conditioned the taking of property upon a finding that it would be dedicated to a public use. By Acts 53rd Leg., p. 1054, ch. 438, the requirement for a finding that the road was of public importance was eliminated, and Commissioners Courts are now authorized to declare a private roadway to be a public highway if applicants therefor wish it to be done and 'have no means of access to their lands and premises.' In so far as the amendment seeks to authorize the taking of private property for private use, it is unconstitutional and void.

Maher, supra, at 925.

You have provided us with a copy of a brief filed with the commissioners court in support of this landower's application. The brief recognizes that subsection 2.007(c) prohibits the commissioners court from reducing a second-class road to a third-class road but urges that since a neighborhood road is a distinct non-numerical classification there is no limitation on reclassifying a second-class road as a neighborhood road.

A prerequisite to the establishment of a neighborhood road under section 2.006 is that there is no means of access for the landowner to a public road. Under the scenario you have provided there is a second-class road in existence. Therefore, there is no basis for establishing a neighborhood road in the situation you describe.

### S U M M A R Y

The commissioners court is without authority to reclassify a second-class road as a neighborhood road.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General