

# Office of the Attorney General
## State of Texas

DAN MORALES
ATTORNEY GENERAL

November 10, 1998

The Honorable Howard Freemyer
Kent County Attorney
Kent County Courthouse
Jayton, Texas 79528

Opinion No. DM-487

Re: Whether a commissioners court may establish a neighborhood road pursuant to Transportation Code section 251.053 (RQ-1209)

Dear Mr. Freemyer:

Your questions concern section 251.053 of the Transportation Code, which authorizes a county commissioners court to establish a "neighborhood road." Section 251.053 provides:

> A person who owns real property to which there is no public road[1] or other means of public access may request that an access road be established connecting the person's real property to the county public road system by making a sworn application to the commissioners court requesting the court to establish the road.

Transp. Code § 251.053(b). Section 251.053 further provides:

> If the [commissioners] court determines that the applicants do not have access to their real property and premises, the court may issue an order declaring the lines designated in the application, or other lines established by the court, to be a public road.

Id. § 251.053(d). A property owner who incurs damages as the result of such a commissioners court determination is entitled to compensation. Id. § 251.053(e).

You tell us that the Kent County Commissioners Court has received an application for the establishment of a neighborhood road. The applicant does not have access to her property by way of a public road, but neighboring landowners have permitted the applicant to use their private road to access the property for limited purposes. You state that the applicant wishes to transport gravel

---

[1] A "public road" for purposes of chapter 251 is a "public road or highway that has been laid out and established according to law and that has not been discontinued." Transp. Code § 251.002.

away from her land, but the private landowners do not permit the applicant to transport gravel on their road. The applicant seeks to have a public road established pursuant to section 251.053.

Subsection (b) of the neighborhood road statute authorizes an application for a public road when "there is *no public road* or *other public means of access*" to the applicant's property. *Id.* § 251.053(b) (emphasis added). Subsection (d), however, provides that an application for a neighborhood road may be granted if the commissioners court determines "that the applicants *do not have access* to their real property and premises." *Id.* § 251.053(d) (emphasis added).

You ask whether the applicant has "access" to her land within the meaning of section 251.053(d) if the applicant has access only by way of another landowner's private road and if the applicant is prohibited from using the private road for a certain purpose. You also ask whether granting the applicant's request for establishment of a neighborhood road, and the taking of private property that would be required to establish the road, would violate article I, section 17 of the Texas Constitution. Because we conclude that a court would likely find that the neighborhood road statute is invalid, we do not address your questions regarding what constitutes "access" under the statute.

Article I, section 17 of the Texas Constitution provides: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person . . . ." This provision not only requires the payment of adequate compensation for private property taken for public use, but prohibits the taking of private property for private use. *Marrs v. Railroad Comm'n*, 177 S.W.2d 941, 949 (Tex. 1944).

Section 251.053, the current neighborhood road statute, is a nonsubstantive recodification of former V.T.C.S. article 6702-1, section 2.006,[2] which replaced V.T.C.S. article 6711.[3] Former V.T.C.S. article 6711 authorized the establishment of a road from private property to a public highway if the commissioners court deemed the road to be "of sufficient public importance."[4] As so written, the statute required a finding of public purpose for the taking of private property. However, in 1953 the statute was amended to eliminate the public purpose requirement and to authorize the establishment of the road upon a finding that the applicant had "no means of access"

---

[2]*See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 25, 1995 Tex. Gen. Laws 1025, 1155-56, 1871 (repealing V.T.C.S. article 6702-1, the County Road and Bridge Act, enacting Transportation Code section 251.053, and providing: "This Act is intended as a recodification only, and no substantive change in law is intended by this Act.").

[3]*See* Act of July 3, 1984, 68th Leg., 2d C.S., ch. 8, § 1, 1984 Tex. Gen. Laws 29, 31-32 (repealing V.T.C.S. article 6711 and reenacting and amending V.T.C.S. article 6702-1); Act of May 20, 1983, 68th Leg., R.S., ch. 288, § 1, 1983 Tex. Gen. Laws 1431, 1435-37 (repealing V.T.C.S. article 6711 and enacting the County Road and Bridge Act, V.T.C.S. article 6702-1).

[4]Act of March 20, 1930, 41st Leg., 5th C.S., ch. 62, § 1, 1930 Tex. Gen. Laws 207, 207.

to his or her property.[5] With respect to the constitutionality of the revised statute, the Texas Supreme Court held: "In so far as the amendment seeks to authorize the taking of private property for private use, it is unconstitutional and void." *Maher v. Lasater*, 354 S.W.2d 923, 925 (Tex. 1962).

While the *Maher* opinion appears to suggest that the neighborhood road statute could be constitutionally applied if a public purpose is found,[6] the court found no public purpose in the very object that the statute is designed to accomplish; that is, the provision of a public road for a landlocked private property owner. In *Maher*, an applicant sought to have the county establish a public road across an adjacent landowner's private property. The applicant argued that by enacting the neighborhood road statute the legislature had declared "that a public purpose is served when land is taken to provide a roadway for a landowner who has no means of access to his land." *Maher*, 354 S.W.2d at 925. While the legislature may have so declared, the court said, "a mere declaration by the Legislature cannot change a private use or private purpose into a public use or public purpose." *Id.* Instead, "the ultimate question of whether a particular use is a public use is a judicial question to be decided by the courts." *Id.*

The *Maher* court was unpersuaded by the argument that providing access to land to further a commercial enterprise serves a public purpose.[7] The applicant sought access to uninhabited grazing and pasture land, a small portion of which was suitable for cultivation. *Id.* at 924. "The only possible public purpose conceivable which the road in this case can serve is that of putting the products of the soil and the range . . . into the economy of the community." *Id.* at 926. The court held that taking private land for such a purpose would be an unconstitutional taking of private land for a private purpose. *Id.* at 926 (citing *Phillips v. Naumann*, 275 S.W.2d 464 (Tex. 1955)).

The *Maher* court also was unpersuaded by the argument that a public purpose is served by guaranteeing a person access to his or her property. *Id.* at 924. The court cited its opinion in *Phillips v. Naumann*, 275 S.W.2d 464 (Tex. 1955), where it declined to find a public purpose for a road where "'[t]he undisputed evidence discloses that the only persons who could be benefitted by the opening of this road are the Naumanns and persons who might desire to visit them.'" *Maher*, 354 S.W.2d at 925-26 (quoting *Phillips*, 275 S.W.2d at 467).

---

[5]Act of May 26, 1953, 53d Leg., R.S., ch. 438, § 1, 1953 Tex. Gen. Laws 1054, 1055.

[6]This office considered the effect of *Maher* in Attorney General Opinion WW-1368 (1962). We said: "[I]t is the opinion of this office that the powers granted the Commissioners Court by Article 6711, V.C.S., may be constitutionally exercised . . . only if the . . . Commissioners Court makes a finding that the road to be established would be of sufficient public importance to warrant the taking of the land involved." *Id.* at 3.

[7]You tell us that the Kent County applicant wishes to use the road to haul gravel from "substantial gravel deposits" located on her property, presumably in furtherance of a business enterprise.

A statute authorizing the taking of private land for a road to landlocked property was held unconstitutional on the same grounds. In *Estate of Waggoner v. Gleghorn*, 378 S.W.2d 47 (Tex. 1964), the Supreme Court considered the constitutionality of V.T.C.S. article 1377b, section 2, which purported to grant to anyone who claimed the right to use real property surrounded by land of another an easement over the surrounding land for ingress to and egress from the surrounded property. Citing *Maher* and *Phillips*, the court found the statute unconstitutional, stating:

> While respondent needs the [road] for his own convenience and that of his tenants and others who have occasion to be on the land north of the river, no one else will receive any direct benefit from the road. The economic use of such property will undoubtedly be facilitated by a ready means of access from the highway, but the public interest is not otherwise served in any way by the right of way which respondent seeks.

*Id.* at 49.

The neighborhood road statute has not been substantively amended since the *Maher* decision in 1962.[8] It remains without a public purpose requirement for the taking of private property, in contravention of article I, section 17 of the Texas Constitution. While the *Maher* court seems to suggest that the statute might be constitutionally applied if a public purpose is found, courts have held that it cannot constitutionally be applied to achieve the very object for which it was enacted. Thus we believe a court today would find that the statute is void. We conclude, therefore, that a county commissioners court may not take private property for the purpose of establishing a road pursuant to Transportation Code section 251.053, the neighborhood road statute.

---

[8]The Sixty-eighth Legislature repealed V.T.C.S. article 6711 and enacted the County Road and Bridge Act, V.T.C.S. article 6702-1, without substantive change. *See* Act of July 3, 1984, 68th Leg., 2d C.S., ch. 8, § 1, 1984 Tex. Gen. Laws 29, 31-32; *see also* Senate Transp. Comm., Bill Analysis, S.B. 24, 68th Leg., 2d C.S. (1984). The Seventy-fourth Legislature repealed V.T.C.S. article 6702-1 and recodified the neighborhood road provision as Transportation Code section 251.053. *See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 25, 1995 Tex. Gen. Laws 1025, 1155-56, 1871 (providing: "This Act is intended as a recodification only, and no substantive change in law is intended by this Act."). Again, no substantive change in the law was intended by the recodification.

## S U M M A R Y

A county commissioners court may not take private property for the purpose of establishing a road pursuant to Transportation Code section 251.053, the neighborhood road statute.

Yours very truly,

D A N   M O R A L E S
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Barbara Griffin
Assistant Attorney General