COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 
2-02-340-CV
 
ROBERT H. OSBURN AND                                                    APPELLANTS 
BLASSINGAME & OSBURN, P.C.
 
V.
 
DENTON COUNTY, TEXAS; SCOTT                                         APPELLEES 
ARMEY, DENTON COUNTY JUDGE; 
SHERRI ADELSTEIN, DENTON COUNTY 
DISTRICT CLERK; AND TRACY KUNKEL, 
FORMER DENTON COUNTY DISTRICT 
CLERK
 
------------
 
FROM THE 
393RD DISTRICT COURT OF DENTON COUNTY 
 
------------
 
OPINION
 
------------
        This is an appeal concerning the payment of funds deposited into the 
registry of the court to the wrong person. Appellants, the persons who were 
entitled to the funds, sued Denton County, the Denton County Judge, and the 
current and former Denton County District Clerks (“appellees”) to recover the 
funds. The trial court sustained appellees’ plea to the jurisdiction. We affirm 
in part and reverse and remand in part. 
Factual and Procedural Background
        There are three underlying lawsuits leading to this appeal. 
        The first lawsuit settled. A dispute existed between plaintiffs and their 
attorneys, including appellants, concerning the amount of the settlement 
proceeds that the attorneys were entitled to receive. Therefore, in its 
judgment, the trial court ordered the defendants to tender $215,000, the 
amount in dispute, into the registry of the court, and further ordered that “no 
amount of this money . . . shall be removed from the Registry of this Court 
pending further Order of this Court.” 
        The second lawsuit was filed to determine who was entitled to the funds 
deposited into the registry of the court. The trial court ordered that appellants 
were entitled to $233,015, which consisted of the original $215,000 plus 
accrued interest. Without a court order or appellants’ consent, the former 
Denton County District Clerk paid $55,000 of the funds deposited into the 
registry of the court to someone other than appellants. 
        Appellants then filed the third lawsuit, claiming that the district clerk’s 
wrongful payment of funds deposited into the registry of the court amounted 
to a taking of appellant’s property in violation of section 17, article I of the 
Texas Constitution. Tex. Const. art. I, § 17. Appellees filed a plea to the 
jurisdiction, asserting that they were entitled to sovereign immunity and official 
immunity. Appellees also asserted special exceptions, claiming that appellants 
had failed to plead a cause of action recognized by Texas law. After a hearing, 
the trial court granted the plea to the jurisdiction “for want of jurisdiction and 
the failure to plead a cognizable cause of action.” 
Discussion
        In their sole issue on appeal, appellants assert that the trial court erred in 
granting appellees’ plea to the jurisdiction. A plea to the jurisdiction is a 
dilatory plea by which a party challenges a court’s authority to determine the 
subject matter of the action. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 
554 (Tex. 2000). The purpose of a dilatory plea is not to force the plaintiffs to 
preview their case on the merits but to establish a reason why the merits 
should never be reached. Id. Because the question of subject matter 
jurisdiction is a legal question, we review the trial court’s ruling on a plea to the 
jurisdiction under a de novo standard of review. Mayhew v. Town of 
Sunnyvale, 964 S.W.2d 922, 928 (Tex. 1998), cert. denied, 526 U.S. 1144 
(1999).
        The party suing the governmental entity bears the burden of affirmatively 
showing that the trial court has jurisdiction. Tex. Dep’t of Criminal Justice v. 
Miller, 51 S.W.3d 583, 587 (Tex. 2001). To determine whether appellants 
have affirmatively demonstrated the court’s jurisdiction to hear the case, we 
consider the facts alleged in the petition, and to the extent it is relevant to the 
jurisdictional issue, any evidence submitted by the parties to the trial court. 
Tex. Natural Res. Conservation Comm’n v. White, 46 S.W.3d 864, 868 (Tex. 
2001); Bland, 34 S.W.3d at 555. Our task is not to decide the merits of the 
case but rather to examine the claims in the pleadings, taking as true the facts 
pled, and determine whether those facts support jurisdiction in the trial court. 
Baston v. City of Port Isabel, 49 S.W.3d 425, 427-28 (Tex. App.—Corpus 
Christi 2001, pet. denied). 
        We must construe the pleadings in the plaintiffs’ favor and look to the 
pleader’s intent. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 
2002); Peek v. Equip. Serv. Co., 779 S.W.2d 802, 804 (Tex. 1989). A 
plaintiff bears the burden to allege facts affirmatively demonstrating the trial 
court’s jurisdiction to hear a case. Tex. Ass’n of Bus. v. Tex. Air Control Bd., 
852 S.W.2d 440, 446 (Tex. 1993). If a plaintiff pleads facts that affirmatively 
demonstrate an absence of jurisdiction, and the defect is incurable, then the 
cause is properly dismissed. Peek, 779 S.W.2d at 804-05. However, the mere 
failure of a petition to state a cause of action does not show a want of 
jurisdiction in the court. Bybee v. Fireman’s Fund Ins. Co., 160 Tex. 429, 331 
S.W.2d 910, 917 (1960). If the plaintiff’s pleadings are insufficient to 
demonstrate the court’s jurisdiction, but do not affirmatively show incurable 
defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity 
to amend before dismissal. Brown, 80 S.W.3d at 555; Peek, 779 S.W.2d at 
805.
        Appellants pleaded that the district clerk’s wrongful payment of the funds 
deposited into the registry of the court to a private individual violated the 
takings clause of the Texas Constitution. See Tex. Const. art. I, § 7. Article 
I, section 17 of the Texas Constitution provides that “[n]o person’s property 
shall be taken, damaged or destroyed for or applied to public use without 
adequate compensation being made.” Tex. Const. art. I, § 17. Thus, when a 
governmental entity takes, damages, or destroys property for public use, the 
constitution waives the governmental entity’s immunity from both suit and 
liability. City of Beaumont v. Bouillion, 896 S.W.2d 143, 149 (Tex. 1995); 
Steele v. City of Houston, 603 S.W.2d 786, 791 (Tex. 1980). 
        Appellants do not assert on appeal that the payment of funds in this case 
was a taking for a public use. Instead, they argue that the takings clause also 
waives governmental immunity when takings are for a private use. To support 
this argument, they rely on two condemnation cases holding that article I, 
section 17 not only requires the payment of adequate compensation for 
property taken for public use, but also prohibits the taking of property for 
private use. Maher v. Lasater, 354 S.W.2d 923, 924-25 (Tex. 1962); 
Saunders v. Titus County Fresh Water Supply Dist. No. 1, 847 S.W.2d 424, 
427 (Tex. App.—Texarkana 1993, no writ). 
        In Maher, a county commissioners court condemned a private roadway 
under a statute authorizing the condemnation of property to provide a roadway 
for a landowner who has no means of access to his land. 354 S.W.2d at 924. 
Observing that the legislature may not authorize that which the constitution 
prohibits, the supreme court declared the statute unconstitutional and void 
because it sought to authorize the taking of private property for private use, 
contrary to the express public-use requirement of the takings clause. Id. at 
925. Similarly, in Saunders, a water district condemned property to provide a 
private landowner with access to his property after the only access road to his 
property was covered by the filling of a reservoir. 847 S.W.2d at 425, 427. 
The water district claimed that two water code statutes authorized the 
condemnation. Id. at 427. The court of appeals disagreed, holding that the 
water district was not authorized to condemn private property for a private use 
in contravention of the takings clause. Id. at 429. In both Maher and 
Saunders, the condemnation orders were set aside. Maher, 354 S.W.2d at 
926; Saunders, 847 S.W.2d at 429. In neither case, however, did the courts 
read into the takings clause a waiver of sovereign immunity for a governmental 
taking of private property for a private use. 
        Consequently, no authority exists for the proposition that sovereign 
immunity is waived when governmental entities take private property for a 
private use. Under Maher and Saunders, such a taking may be declared void, 
but these cases do not hold that the void conduct of the State waives immunity 
from suit for monetary damages. We hold that the trial court did not err by 
granting appellees’ plea to the jurisdiction. 
        The trial court did err, however, by dismissing the case without affording 
appellants an opportunity to amend their pleadings to assert other cognizable 
causes of action. The local government code provides that the county is liable 
to the rightful owner of funds deposited with the county or district clerk if those 
funds are lost for any reason. Tex. Loc. Gov’t Code Ann. § 117.083 (Vernon 
1999). The civil practice and remedies code establishes that an officer who has 
custody of funds deposited with the court is liable for his or her negligence 
concerning the deposited funds. Tex. Civ. Prac. & Rem. Code Ann. § 7.002 
(Vernon 2002). And the local government code expressly imposes liability on 
county and district clerks responsible for funds tendered for deposit into the 
registry of the court for the loss of the funds due to the clerk’s official 
misconduct, negligence, or misappropriation of the funds. Tex. Loc. Gov’t Code 
Ann. §§ 117.052, 117.081 (Vernon 1999). 
        In their brief, appellees concede that there are statutes waiving 
governmental immunity when funds tendered into the registry of the court are 
mishandled. Appellees contend, however, that only the State may sue in such 
situations. The statute relied on by appellees for this argument concerns suits 
on official bonds, however, and not suits to first establish the bondholder’s 
liability. See Tex. Civ. Prac. & Rem. Code Ann. § 7.021 (Vernon 2002). 
Conclusion
        None of the parties to this appeal address the claims against the county 
judge. Therefore, because no error has been assigned to the trial court’s order 
to the extent it dismisses the case against the county judge, we affirm the 
order granting the county judge’s plea to the jurisdiction. 
        We reverse the trial court’s order granting the plea to the jurisdiction as 
to Denton County and the former and current district clerks and remand to the 
trial court to allow appellants an opportunity to amend their pleadings to assert 
cognizable causes of action. 
 
                                                          ANNE GARDNER 
                                                          JUSTICE
 
PANEL B:   HOLMAN, GARDNER, and WALKER, JJ. 
 
DELIVERED: December 4, 2003