ROBERT H. OSBURN ET AL. V. SCOTT ARMEY, ET AL.

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-340-CV

ROBERT H. OSBURN AND APPELLANTS

BLASSINGAME & OSBURN, P.C.

V.

DENTON COUNTY, TEXAS; SCOTT APPELLEES

ARMEY, DENTON COUNTY JUDGE; 

SHERRI ADELSTEIN, DENTON COUNTY 

DISTRICT CLERK; AND TRACY KUNKEL, 

FORMER DENTON COUNTY DISTRICT 

CLERK

------------

FROM THE 393RD DISTRICT COURT OF DENTON COUNTY

------------

OPINION

------------

This is an appeal concerning the payment of funds deposited into the registry of the court to the wrong person.  Appellants, the persons who were entitled to the funds, sued Denton County, the Denton County Judge, and the current and former Denton County District Clerks (“appellees”) to recover the funds.  The trial court sustained appellees’ plea to the jurisdiction.  We affirm in part and reverse and remand in part. 

Factual and Procedural Background

There are three underlying lawsuits leading to this appeal.

The first lawsuit settled.  A dispute existed between plaintiffs and their attorneys, including appellants, concerning the amount of the settlement proceeds that the attorneys were entitled to receive.  Therefore, in its judgment, the trial court ordered the defendants to tender $215,000, the amount in dispute, into the registry of the court, and further ordered that “no amount of this money . . . shall be removed from the Registry of this Court pending further Order of this Court.” 

The second lawsuit was filed to determine who was entitled to the funds deposited into the registry of the court.  The trial court ordered that appellants were entitled to $233,015, which consisted of the original $215,000 plus accrued interest.  Without a court order or appellants’ consent, the former Denton County District Clerk paid $55,000 of the funds deposited into the registry of the court to someone other than appellants. 

Appellants then filed the third lawsuit, claiming that the district clerk’s wrongful payment of funds deposited into the registry of the court amounted to a taking of appellant’s property in violation of section 17, article I of the Texas Constitution.  
Tex. Const. 
art. I, § 17.  Appellees filed a plea to the jurisdiction, asserting that they were entitled to sovereign immunity and official immunity.  Appellees also asserted special exceptions, claiming that appellants had failed to plead a cause of action recognized by Texas law.  After a hearing, the trial court granted the plea to the jurisdiction “for want of jurisdiction and the failure to plead a cognizable cause of action.” 

Discussion

In their sole issue on appeal, appellants assert that the trial court erred in granting appellees’ plea to the jurisdiction.  
A plea to the jurisdiction is a dilatory plea by which a party challenges a court’s authority to determine the subject matter of the action.  
Bland Indep. Sch. Dist. v. Blue, 
34 S.W.3d 547, 554 (Tex. 2000)
.  
The purpose of a dilatory plea is not to force the plaintiffs to preview their case on the merits but to establish a reason why the merits should never be reached.
  Id.  
Because the question of subject matter jurisdiction is a legal question, we review the trial court’s ruling on a plea to the jurisdiction under a de novo standard of review.  
Mayhew v. Town of Sunnyvale, 
964 S.W.2d 922, 928 (Tex. 1998), 
cert. denied
, 526 U.S. 1144 (1999).

The party suing the governmental entity bears the burden of affirmatively showing that the trial court has jurisdiction.  
Tex. Dep’t of Criminal Justice v. Miller, 
51 S.W.3d 583, 587 (Tex. 2001).  To determine whether appellants have affirmatively demonstrated 
the court’s jurisdiction to hear the case, we consider the facts alleged in the petition, and to the extent it is relevant to the jurisdictional issue, any evidence submitted by the parties to the trial court.  
Tex. Natural Res. Conservation Comm’n v. White, 
46 S.W.3d 864, 868 (Tex. 2001); 
Bland, 
34 S.W.3d at 555.  Our task is not to decide the merits of the case but rather to examine the claims in the pleadings, taking as true the facts pled, and determine whether those facts support jurisdiction in the trial court.  
Baston v. City of Port Isabel, 
49 S.W.3d 425, 427-28 (Tex. App.—Corpus Christi 2001, pet. denied).

We must construe the pleadings in the plaintiffs’ favor and look to the pleader’s intent.  
County of Cameron v. Brown, 
80 S.W.3d 549, 555 (Tex. 2002); 
Peek v. Equip. Serv. Co., 
779 S.W.2d 802, 804 (Tex. 1989).  A plaintiff bears the burden to allege facts affirmatively demonstrating the trial court’s jurisdiction to hear a case.  
Tex. Ass’n of Bus. v. Tex. Air Control Bd., 
852 S.W.2d 440, 446 (Tex. 1993).  If a plaintiff pleads facts that affirmatively demonstrate an absence of jurisdiction, and the defect is incurable, then the cause is properly dismissed.  
Peek, 
779 S.W.2d at 804-05.  However, the mere failure of a petition to state a cause of action does not show a want of jurisdiction in the court.  
Bybee v. Fireman’s Fund Ins. Co., 
160 Tex. 429, 331 S.W.2d 910, 917 (1960).  If the plaintiff’s pleadings are insufficient to demonstrate the court’s jurisdiction, but do not affirmatively show incurable defects in jurisdiction, the proper remedy is to allow the plaintiff an opportunity to amend before dismissal.  
Brown, 
80 S.W.3d at 555; 
Peek, 
779 S.W.2d at 805.

Appellants pleaded that the district clerk’s wrongful payment of the funds deposited into the registry of the court to a private individual violated the takings clause of the Texas Constitution.  
See
 
Tex. Const. 
art. I, § 7.  
Article I, section 17 of the Texas Constitution provides that “[n]o person’s property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made.”  
Tex. Const. 
art. I, § 17.  Thus, when a governmental entity takes, damages, or destroys property for public use, the constitution waives the governmental entity’s immunity from both suit and liability.  
City of Beaumont v. Bouillion, 
896 S.W.2d 143, 149 (Tex. 1995)
;  Steele v. City of Houston, 
603 S.W.2d 786, 791 (Tex. 1980).

Appellants do not assert on appeal that the payment of funds in this case was a taking for a public use.  Instead, they argue that the takings clause also waives governmental immunity when takings are for a private use.  To support this argument, they rely on two condemnation cases holding that article I, section 17 not only requires the payment of adequate compensation for property taken for public use, but also prohibits the taking of property for private use.  
Maher v. Lasater
, 354 S.W.2d 923, 924-25 (Tex. 1962); 
Saunders v. Titus County Fresh Water Supply Dist. No. 1, 
847 S.W.2d 424, 427 (Tex. App.—Texarkana 1993, no writ).

In 
Maher,
 a county commissioners court condemned a private roadway under a statute authorizing the condemnation of property to provide a roadway for a landowner who has no means of access to his land.  354 S.W.2d at 924.  Observing that the legislature may not authorize that which the constitution prohibits, the supreme court declared the statute unconstitutional and void because it sought to authorize the taking of private property for private use, contrary to the express public-use requirement of the takings clause.  
Id. 
at
  
925.  Similarly, in 
Saunders, 
a water district condemned property to provide a private landowner with access to his property after the only access road to his property was covered by the filling of a reservoir.  847 S.W.2d at 425, 427.  The water district claimed that two water code statutes authorized the condemnation.  
Id. 
at 427.  The court of appeals disagreed, holding that the water district was not authorized to condemn private property for a private use in contravention of the takings clause.  
Id. 
at 429.  In both 
Maher 
and 
Saunders, 
the condemnation orders were set aside.  
Maher, 
354 S.W.2d at 926; 
Saunders, 
847 S.W.2d at 429.  In neither case, however, did the courts read into the takings clause a waiver of sovereign immunity for a governmental taking of private property for a private use.

Consequently, no authority exists for the proposition that sovereign immunity is waived when governmental entities take private property for a private use.  Under 
Maher
 and 
Saunders
, such a taking may be declared void, but these cases do not hold that the void conduct of the State waives immunity from suit for monetary damages.  We hold that the trial court did not err by granting appellees’ plea to the jurisdiction.

The trial court did err, however, by dismissing the case without affording appellants an opportunity to amend their pleadings to assert other cognizable causes of action.  The local government code provides that the county is liable to the rightful owner of funds deposited with the county or district clerk if those funds are lost for any reason.  
Tex. Loc. Gov’t Code Ann. 
§ 117.083 (Vernon 1999).  The civil practice and remedies code establishes that an officer who has custody of funds deposited with the court is liable for his or her negligence concerning the deposited funds.  
Tex. Civ. Prac. & Rem. Code Ann. 
§ 7.002 (Vernon 2002).  And the local government code expressly imposes liability on county and district clerks responsible for funds tendered for deposit into the registry of the court for the loss of the funds due to the clerk’s official misconduct, negligence, or misappropriation of the funds.  
Tex. Loc. Gov’t Code Ann.
 §§ 117.052, 117.081 (Vernon 1999).  

In their brief, appellees concede that there are statutes waiving governmental immunity when funds tendered into the registry of the court are mishandled.  Appellees contend, however, that only the State may sue in such situations.  The statute relied on by appellees for this argument concerns suits on official bonds, however, and not suits to first establish the bondholder’s liability.  
See
 
Tex. Civ. Prac. & Rem. Code Ann. 
§ 7.021 (Vernon 2002). 

Conclusion

None of the parties to this appeal address the claims against the county judge.  Therefore, because no error has been assigned to the trial court’s order to the extent it dismisses the case against the county judge, we affirm the order granting the county judge’s plea to the jurisdiction.

We reverse the trial court’s order granting the plea to the jurisdiction as to Denton County and the former and current district clerks and remand to the trial court to allow appellants an opportunity to amend their pleadings to assert cognizable causes of action.

ANNE GARDNER

JUSTICE

PANEL B: HOLMAN, GARDNER, and WALKER, JJ.

DELIVERED:  December 4, 2003