ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

September 20, 2005

The Honorable Jane Nelson, Chair
Committee on Health and Human Services
Texas State Senate
Post Office Box 12068
Austin, Texas 78711-2068

Opinion No. GA-0358

Re: Whether the legislature, in the absence of a
constitutional amendment, may authorize the
creation of county gaming districts on a local
option basis to administer a state video lottery
(RQ-0332-GA)

Dear Senator Nelson:

You ask whether a bill, proposed but not enacted during the regular session of the Seventy-ninth Legislature, would have been effective in the absence of a constitutional amendment.[1] Senate Bill 1326 sought, by adding chapter 328 to the Local Government Code, to authorize the creation of county gaming districts on a local option basis to administer a state video lottery. *See* Tex. S.B. 1326, 79th Leg., R.S. (2005).

Article III, section 47(a) of the Texas Constitution requires the legislature to "pass laws prohibiting lotteries and gift enterprises." TEX. CONST. art. III, § 47(a). In the 1980s, the legislature proposed and the voters approved three amendments to article III, section 47 that permitted the operation of bingo games and charitable raffles by specific religious and nonprofit organizations. *See id.* § 47(b)-(d). In 1991 the electorate adopted an amendment that permits the legislature to "authorize the State to operate lotteries and [to] authorize the State to enter into a contract with one or more legal entities that will operate lotteries on behalf of the State." *See id.* § 47(e); Tex. Att'y Gen. Op. No. GA-0103 (2003) at 4-7.

In Attorney General Opinion GA-0103, this office was asked to determine "whether the Texas Legislature may authorize the operation of video lottery terminals without an amendment to the Texas Constitution." Tex. Att'y Gen. Op. No. GA-0103 (2003) at 2. The opinion first considered the historical meaning of the term "lottery" under article III, section 47(a) of the constitution. *See* TEX. CONST. art. III, § 47(a) (requiring the legislature to "pass laws prohibiting lotteries and gift enterprises"). On the basis of long-standing decisions of the Texas Supreme Court

[1]Letter from Honorable Jane Nelson, Chair, Senate Committee on Health and Human Services, to Honorable Greg Abbott, Texas Attorney General (Mar. 10, 2005) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us).

and the Texas Court of Criminal Appeals, the opinion found that any game that contains the elements of prize, chance, and consideration constitutes a "lottery."

Section 328.051 of the proposed legislation would have permitted the commissioners court of any county to "call an election on the question of creating a county gaming district in the county . . . to permit the conduct of video lottery games in the district." Tex. S.B. 1326, 79th Leg., R.S., § 1, sec. 328.051 (2005). Section 328.001 would have defined "video lottery" as "the conduct of video lottery games on behalf of this state as authorized under this chapter," and "video lottery game" as "any game of chance, including a game of chance in which the outcome may be partially determined by skill or ability, that for consideration may be played by an individual on an electronic machine or video display." *Id.* sec. 328.001(3)-(4). If the proposition to create a county gaming district were supported by a majority of the voters in the election, the district would be created. *See id.* sec. 328.051(d).

An individual or a company interested in obtaining a "video lottery retailer" license would apply to the Texas Lottery Commission (the "Commission"), which could by rule establish the minimum qualifications therefor. *Id.* sec. 328.101(a), (c). A person holding a video lottery retailer license would be authorized to "operate video lottery games in accordance with this chapter and commission rules at one location approved by the commission within the boundaries of each district." *Id.* sec. 328.101(b). The bill would also have established procedures for regulating the conduct of games, for issuing, suspending and revoking licenses, and for division of the proceeds realized from the operation of games. *See id.* secs. 328.104-.105, .151, .153-.154.

Senate Bill 1326, as we have indicated, would have authorized "a person that holds a license . . . [to] operate video lottery games in accordance with this chapter and [Lottery] [C]ommission rules." *Id.* sec. 328.101(b). The principal difference between the substance of the bill under consideration here and the facts presented in Attorney General Opinion GA-0103 is that, in the situation you pose, there was a specific bill detailing precisely the method by which a person would have been authorized to operate video lottery terminals, whereas in the latter we were considering the question in the abstract. Senate Bill 1326 basically would have authorized local option elections by which the voters in each county or precinct could approve the establishment of a gaming district and delegated to the various commissioners courts the power to initiate the process of permitting the operation of video lottery terminals.

It is well established that the legislature may not authorize an action that the Texas Constitution prohibits. *Tex. Mun. League Intergovernmental Risk Pool v. Tex. Workers' Comp. Comm'n*, 74 S.W.3d 377, 381 (Tex. 2002); *Maher v. Lasater*, 354 S.W.2d 923, 925 (Tex. 1962). Furthermore, the legislature is not empowered to delegate authority that it does not possess. *City of Amarillo v. Tutor*, 267 S.W. 697, 699 (Tex. 1924). Because the operation of video lottery terminals is not allowed by article III, section 47(e) of the Texas Constitution, we conclude that the legislature may not, absent a constitutional amendment, authorize the creation of county gaming districts on a local option basis that would then permit the Commission to administer a video lottery in those counties.

## S U M M A R Y

The legislature may not, absent a constitutional amendment, authorize the creation of county gaming districts on a local option basis that would then permit the Texas Lottery Commission to administer a video lottery in those counties.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee