## ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

January 25, 2011

The Honorable Joel D. Littlefield
Hunt County Attorney
Post Office Box 1097
Greenville, Texas 75403-1097

Opinion No. GA-0835

Re: Constitutionality of Texas Transportation Code section 251.053, concerning a commissioners court's declaration of a public road (RQ-0900-GA)

Dear Mr. Littlefield:

You ask whether section 251.053 of the Transportation Code, concerning commissioners court authority to declare a public road, is unconstitutional and void because it violates the prohibition in Texas Constitution article I, section 17 against taking private property for nonpublic uses.[1] Section 251.053, pertaining to "neighborhood roads," authorizes a commissioners court to declare a line as a public road, following an application by an owner of "real property to which there is no public road or other public means of access" and a public hearing on the application. TEX. TRANSP. CODE ANN. § 251.053 (West 1999) (further providing for assessment of damages incidental to opening the public road, including the right to be compensated for the taking).[2] You specifically reference an opinion of this office that discussed constitutional concerns about section 251.053, Attorney General Opinion DM-487 (1998). Request Letter at 2; Tex. Att'y Gen. Op. No. DM-487 (1998) at 4.

In DM-487, this office reasoned that section 251.053 is unconstitutional because it would allow a taking of private property for a nonpublic purpose in violation of article I, section 17 of the

---

[1]See Request Letter at 1–2 (available at http://www.texasattorneygeneral.gov).

[2]The procedure in section 251.053 is to be distinguished from common-law doctrines establishing a way of necessity. See, e.g., Koonce v. Brite Estate, 663 S.W.2d 451, 452 (Tex. 1984) ("Texas case law establishes that when a grantor conveys part of a tract of land while retaining the remaining acreage for himself there is an implied reservation of a right of way by necessity over the land conveyed, when no other access exists.").

Texas Constitution. Tex. Att'y Gen. Op. No. DM-487 (1998) at 4.[3] Moreover, the opinion surmised that "a court today would find that [section 251.053] is void." *Id.*[4]

By concluding that section 251.053 is void in its entirety, DM-487 suggests that the statute is unconstitutional on its face. A statute may be challenged as unconstitutional on its face or as applied to a particular party or set of facts. *Tex. Workers' Comp. Comm'n v. Garcia*, 893 S.W.2d 504, 518 n.16 (Tex. 1995). A statute is facially unconstitutional if, by its terms, it always operates unconstitutionally. *Barshop v. Medina Cnty. Underground Water Conservation Dist.*, 925 S.W.2d 618, 623, 627 (Tex. 1996). Section 251.053 of the Transportation Code is unconstitutional to the extent that it "seeks to authorize the taking of private property for private use." *See Maher v. Lasater*, 354 S.W.2d 923, 925 (Tex. 1962) (concerning predecessor statute). However, the Legislature has reenacted the substance of section 251.053 on three separate occasions.[5] In enacting a statute, the Legislature is presumed to intend compliance with the constitution. TEX. GOV'T CODE ANN. § 311.021(1) (West 2005). Accordingly, we must assume the Legislature intended a commissioners court to exercise its powers in section 251.053 consistently with article I, section 17 of the Texas Constitution. Nothing in the terms of section 251.053 precludes its use to declare a public road to serve a legitimate public purpose on proper facts.[6] We conclude that section 251.053 of the Transportation Code is not unconstitutional on its face, and Attorney General Opinion DM-487 is overruled to the extent it suggests otherwise. A commissioners court may exercise its authority to declare a public road under the section, but only if it does so consistently with article I, section 17 of the Texas Constitution.

---

[3]In 2009, this constitutional guarantee was substantially rewritten to provide, in pertinent part, that "[n]o person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person, and only if the taking, damage, or destruction is for . . . the ownership, use, and enjoyment of the property, notwithstanding an incidental use, by . . . the State, a political subdivision of the State, or the public at large" or an entity with eminent domain authority. TEX. CONST. art. I, § 17(a). Moreover, as amended, article I, section 17 expressly excludes the taking of property for economic development or to enhance tax rolls as an acceptable "public use." *Id.* § 17(b).

[4]Attorney General Opinion DM-487 based its conclusion largely on *Maher v. Lasater*, a Texas Supreme Court opinion that considered an article I, section 17 challenge to a statutory predecessor of section 251.053. Tex. Att'y Gen. Op. No. DM-487 (1998) at 3–4 (citing *Maher v. Lasater*, 354 S.W.2d 923 (Tex. 1962)). In *Maher*, the court held that the statute was unconstitutional, not in its entirety, but rather, "*[t]o the extent that the Article purports to authorize the taking of private property for private use.*" *Id.* at 926 (emphasis added). *See also* Tex. Att'y Gen. Op. No. WW-1368 (1962) at 3 (concluding that the holding in *Maher* limited the scope of the statute by reestablishing a requirement that, to declare a public road under the statute, the commissioners court must make a finding, based upon proper facts, that the road would be of sufficient public importance to warrant the taking).

[5]*See* Act of May 1, 1995, 74th Leg., R.S., ch. 165, §§ 1, 25, 1995 Tex. Gen. Laws 1025, 1155–56, 1871 (repealing article 6702-1 of the Revised Civil Statutes and enacting Transportation Code section 251.053); Act of July 3, 1984, 68th Leg., 2d C.S., ch. 8, § 1, 1984 Tex. Gen. Laws 29, 31–32; Act of May 20, 1983, 68th Leg., R.S., ch. 288, § 1, 1983 Tex. Gen. Laws 1431, 1435–37).

[6]The ultimate question of whether a particular use under Transportation Code section 251.053 is a public use is a question of law to be decided by the courts. *See Maher*, 354 S.W.2d at 925 (stating that "the ultimate question of whether a particular use is a public use is a judicial question to be decided by the courts").

## S U M M A R Y

Section 251.053 of the Transportation Code is not unconstitutional on its face. A commissioners court may exercise its authority to declare a public road under the section, however, only if it does so consistently with article I, section 17 of the Texas Constitution, providing for the payment of adequate compensation. Attorney General Opinion DM-487 is overruled to the extent that it suggests that section 251.053 is unconstitutional on its face.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

DAVID J. SCHENCK
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

William A. Hill
Assistant Attorney General, Opinion Committee